HORACE F. FARNHAM, in Equity,

*vs.*

ARTHUR N. RICHARDSON, and others.

Cumberland.    Opinion May 28, 1898.

*Lien.    Filing Claim.    Extension of Time.    Priority of Lien.    R. S., c. 91,*
*§§ 30, 32.*

The validity of a lien claim of persons who furnish materials for erecting and constructing houses or buildings as regulated by the statutes of the state, does not depend upon the amount or value of the material last furnished, provided all the other conditions necessary to the maintenance of the lien exist.

It is undoubtedly true that the trifling character of the labor last performed, or material last furnished, may often throw more or less light upon the question whether the service was at the time intended to be gratuitous and was only afterwards relied upon to save a lien which would have otherwise expired, or not. But when a lien claimant furnishes material for the construction of a building by virtue of a contract with a person other than the owner, but with the knowledge and consent of the owner, the lien given him by statute will not be dissolved if he files the required statement in the clerk's office within forty days after he ceases to furnish materials.

The defendants Gribben, owners of the land, contracted with the defendant, Richardson, for the construction of a building on the lot. The plaintiff furnished materials for the building upon the order of Richardson, the last of which, with the following exception, was upon September 19, 1895; and filed his claim in the clerk's office upon November 6, 1895. But upon October 1, 1895, the plaintiff furnished a door for the building upon the request of the land owner which was exchanged for another previously delivered by the plaintiff but of less value and that did not fit the frame. The exchange was inferably made upon the order of the defendant Richardson and for his convenience only; and the plaintiff credited him upon his books with the door returned at the price originally charged for the same, to wit: $3.35, and charged for the door delivered in exchange, $3.50, or fifteen cents more than for the door returned.

*Held;* that this exchange was not intended as a gratuity; nor was the charge an afterthought made for the purpose of extending the time within which the claimant could file his lien claim for the materials previously furnished. There was no intimation that the charge for the door furnished was too much, nor that the credit for the one returned was too little. And it was not suggested that the necessity for the change was caused by any fault of the plaintiff, so that no charge whatever should be made.

*Held;* that the plaintiff's lien should take precedence of two mortgages upon
the property, one dated September 19, and the other, October 1, 1895, but
both recorded upon the latter day, because all the materials were furnished
by virtue of a contract made with the defendant Richardson, the builder,
with the knowledge and consent of the owners before October first.

See *Hartley* v. *Richardson*, ante, p 424.

### ON APPEAL IN EQUITY.

This was an equity appeal from a decree of the court sitting
below dismissing a bill filed by the plaintiff to enforce a lien under
the statute upon land and buildings for materials furnished by him
in the construction of a building owned by Percy A. and Wesley
L. Gribben, two of the defendants in the bill. The other defend-
ants besides Richardson the contractor, are the Maine Wesleyan
Board of Education holding a mortgage of $3000 dated September
19, 1895, recorded October 1, 1895, given for money advanced to
pay a former mortgage and work done on the house; and S. H.
and A. R. Doten assignees and holders of a second mortgage dated
and recorded October 1, 1895, and given by Gribben Brothers to
Richardson in full settlement for the balance due that contractor
for building the block of buildings.

The case is stated in the opinion.

*J. W. Symonds, D. W. Snow and C. S. Cook,* for plaintiff.

The case admits that there was a contract between Arthur N.
Richardson, a building contractor, and Percy A. and Wesley L.
Gribben for building a house. The consent of the owners of the
building that the materials might be furnished in its construction
may therefore be inferred. *Norton* v. *Clark*, 85 Maine, 357;
*Shaw* v. *Young*, 87 Maine, 271; *Wheeler* v. *Scofield*, 67 N. Y. 311.

In view of the peculiar language of the contract under which
this building was being erected, viz: "that he (the contractor)
would give us (the plaintiff) his trade for the houses that they
were building and were to build, and would buy the goods in our
line from us," it is evident that this was not a purchase by the
defendant Gribben, but an order under the terms of the contract.
Under this contract the materials were to be furnished in building,
etc. The plaintiff, therefore, was obliged to furnish materials

until the building was finished unless otherwise ordered by this contractor. The door which was returned had not been hung, and other doors had been found unsuited for the building and had been returned and other doors substituted in their place. The contract was not to furnish specified doors, etc., by actual measurements, but it was to furnish such materials in the plaintiff's line as should be needed in the construction of certain buildings. A door that was too small for its frame certainly was not within the terms of this contract. It was not a door which was needed in the construction of the building. On the contrary, it is very evident that it was a door which was not needed in the construction of this particular building, and that the door which was needed was the one which fitted the frame; that is, the door which was furnished on the first day of October. The plaintiff, therefore, claims that when he furnished the door on the first day of October it was done under the terms of the original contract between himself and the building contractor; that it was not done in pursuance of any contract with the owner of the building, although of course it was furnished with his consent.

The question is whether the building has been finished as originally planned and the materials furnished have entered into its construction in the manner required by such plan. (Phillips Mechanics Liens, 3d Ed., § 220.) If a door was too small for the frame, such a door could form no part of the building and must necessarily be changed for another door which would fit. The door received in exchange is the one which was actually furnished and which was used in the erection of a completed building. The first door was never actually furnished in erecting a building, and is in the possession of the material man at this time so far as this case discloses. The only door which entered into the erection of the house was that furnished on October 1st, 1895.

*J. A. and Ira S. Locke*, for P. A. & W. L. Gribben and Maine Wesleyan Board of Education.

*H. W. Gage and C. A. Strout*, for S. H. & A. R. Doten.

Mere alterations and repairs made after the substantial completion of a building (in this case September 19, 1895) do not

relate back to the previous construction so as to take precedence over a mortgage just before the alterations and repairs were commenced. 2 Jones on Liens, §§ 1446–1465, 1466.

The plaintiff's contract with Richardson for furnishing materials for the construction of the building, having been completed September 19th, when the forty days within which notice of lien must be given, began to run, and which expired October 29th, 1895, it is neither equity nor good law to allow a subsequent slight repair or exchange of doors amounting to fifteen cents, really furnished either under a separate contract or as a gratuity, to revive the former claim and extend its lien to November 5th, 1895.

A contract to take precedence of a mortgage must be definite and still in force with the mortgagor in possession, and the mortgagee's consent cannot be implied. *Morse* v. *Dole*, 73 Maine, 352–354; 2 Jones on Liens, § 1466.

Mechanics asserting a lien on real property and claiming priority over mortgagees, who have acquired an interest in the property, must furnish strict proof of all that is essential to the creation of the lien,—which has not been done in this case. *Davis* v. *Alvord*, 94 U. S. 545.

Counsel also cited: *Cole* v. *Clark*, 85 Maine, 338; *Farnham* v. *Davis*, 79 Maine, 282–285; *Baker* v. *Fessenden*, 71 Maine, 292–294; *Godfrey* v. *Haynes*, 74 Maine, 96; *Brown* v. *Tuttle*, 80 Maine, 162.

SITTING: EMERY, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

WISWELL, J. Bill in equity to enforce a lien for materials furnished for and used in the construction of a double frame-house in the city of Portland.

The case was heard by a single justice and comes here upon appeal from his decree. From the facts found by him and stated in his decree, and from the report of the testimony accompanying the appeal, it appears: that the defendants Gribben were the owners of the land upon which the building was erected, that they contracted with the defendant Richardson for its construction, that

the plaintiff upon the order of Richardson, furnished materials that went into the construction of the building to the amount of $422.20; and that the last of the materials furnished by the plaintiff, with the exception of the transaction hereafter referred to, was upon September 19, 1895. The plaintiff filed his lien claim in the clerk's office of the city of Portland upon November 6, 1895, more than forty days after September 19, 1895.

But upon October 1, 1895, the plaintiff furnished a door for this building and made a charge therefor of $3.50 under the following circumstances, as stated in the finding of facts contained in the decree: "The men of the defendant Richardson finding that one of the doors delivered by the plaintiff would not fit the frame prepared for it, made the fact known to one of the defendants Gribben, who thereupon telephoned to the plaintiff's office, requesting an exchange of the door delivered for one of a different size but otherwise similar, and that on the next day he took the door delivered by the plaintiff into his wagon, carried it to the plaintiff's place of business and there exchanged it for a new door different in size only, which he carried to the houses and it was there hung by the workmen of the defendant Richardson. The exchange was inferably made at the request of the defendant Richardson and for his convenience only. Upon the day that said door was exchanged, the plaintiff credited Richardson upon his books with the door returned at the price originally charged for the same, to wit, $3.35, and charged for the door delivered in exchange, which was two inches larger one way than the door returned, $3.50, or fifteen cents more than for the door returned."

The justice considered that the transaction of October 1, was of too trifling a character to allow the time, within which the lien claim must be filed in the city clerk's office, to commence running at that date and decreed that the bill be dismissed with costs.

The statute provides that a lien of this kind shall be dissolved unless the claimant files in the office of the clerk of the town in which the building is situated, a true statement of his claim, "within forty days after he ceases to labor or furnish materials." When did this claimant cease to furnish materials? On the first

day of October, with the knowledge, and in fact at the request of one of the owners, but inferably at the request of the contractor and for his convenience, he furnished a door that was of the kind and size desired that was used in the construction of this building, and took back, at a less price, a smaller door which he had previously furnished.

This exchange was not intended as a gratuity. It can not be claimed that the charge was an afterthought, made for the purpose of extending the time within which the claimant could file his lien claim for the materials furnished previously, because at the time of the transaction, when only some eleven days had elapsed since the materials next before this had been furnished, and when he had ample time, nearly thirty days, to secure his lien by filing his claim, he made a charge upon his books for the door. The case contains no intimation that the charge for the door furnished was too much, or that the credit for the one returned was too little. Nor is it suggested that the necessity for the change was caused by any fault of the plaintiff so that no charge whatever should be made.

The case must therefore be distinguished from *Cole* v. *Clark*, 85 Maine, 356, where the service relied upon was a mere act of friendly accommodation, performed under such circumstances as to repel any implication of a promise to pay.

This court has several times held that a lien once lost by the expiration of the time within which the statement required by statute must be filed with the town clerk, can not be revived by additional work. *Darrington* v. *Moore*, 88 Maine, 569; *Woodruff* v. *Hovey*, ante, p. 116. But this principle is not applicable to the case under consideration because, as we have already seen, the claimant's lien was not lost when this material was furnished; he then had nearly thirty days left within which to file his lien statement. Nor can it be said, as in *Woodruff* v. *Hovey*, supra, that the material was furnished for the purpose of reviving a lien already lost, because of the further reason that the claimant did not volunteer to furnish this material. He did so at the request of one of the owners for the contractor.

Nor is the principle laid down in *Baker* v. *Fessenden*, 71 Maine, 292, that "one single lien can not cover several distinct alterations in the same building made at different times and independent of each other," applicable to this case. None of the materials furnished by this claimant were for alterations or repairs. The door furnished October first was as much for the construction of the buildings as were any of the materials previously supplied. The building was not at that time completed. All of the materials were furnished for the construction of the building.

Whether the transaction amounted to a charge of $3.50 for a new door and a credit of $3.35 for the smaller one returned, or whether it should be regarded simply as a charge of the difference in price, we do not think the fact that the material last furnished was of a trifling character should prevent the lien from continuing for forty days from that time. The statute makes no distinction as to the amount of the labor performed or the value of the material furnished. If such a distinction is desirable, it must be made by legislative, not judicial, action.

It is undoubtedly true that the trifling character of the labor last performed or material last furnished may often throw more or less light upon the question, whether the service was at the time intended to be gratuitous and was only afterwards relied upon to save a lien which would otherwise have expired, or not. But when a lien claimant furnishes material for the construction of a building by virtue of a contract with a person other than the owner, but with the knowledge and consent of the owner, the lien given him by statute will not be dissolved if, within forty days after he ceases to furnish material, he files in the clerk's office the required statement. And we do not think that his lien depends at all upon the amount or value of the material last furnished, provided all the other conditions necessary to the maintenance of the lien exist.

The plaintiff's lien in this case should take precedence of the two mortgages upon the property, one dated September 19, and the other October 1, 1895, but both recorded upon the latter day, because all of these materials were furnished by virtue of a contract made with the defendant Richardson, the builder, with the knowl-

edge and consent of the owners before October first.   Whether the general arrangement between Richardson and the lien claimant, whereby the latter was to furnish all of the material in his line for the construction of the house, could be considered as a binding contract upon the plaintiff or not, is immaterial.   All the materials, other than the new door, were ordered and furnished on September 19, or before, while the door was ordered and the plaintiff agreed to furnish it on the day before it was furnished, and consequently on the day before the mortgages were recorded.   *Morse* v. *Dole*, 73 Maine, 351.

The entry will therefore be,

> *Decree reversed.   New decree in*
> *accordance with this opinion.*