MINNEAPOLIS TRUST COMPANY v. GREAT NORTHERN RAILWAY COMPANY and Another.

October 25, 1898.

Nos. 11,223—(85).

Mechanic's Lien—Time of Filing—Material Furnished after Completion of Contract—Estoppel—Contractor and Subcontractor.

The subcontractors fully performed their contract according to the plans and specifications, but the contractor did not fully or properly perform his. The owner refused to accept until the contractor rebuilt part of the work, and the latter demanded more material of the subcontractors under their contract, and refused to pay them until it was furnished. They furnished the additional material, making no additional charge for the same, and filed their lien statement within 90 days after it was furnished, but more than 90 days after they had originally performed their contract. *Held*, the contractor is now estopped from saying their contract was originally fully performed. For the purpose of this estoppel he is the agent of the owner, and the lien was filed in time.

Action in the district court for Kandiyohi county to foreclose a mechanic's lien. The cause was tried before Powers, J., without a jury, and judgment was ordered in favor of defendants. From an order denying plaintiff's motion for a new trial, it appealed. Reversed.

*H. W. Young*, for appellant.

Respondents, having induced Ring & Tobin to furnish these additional stones on February 18, 1892, claiming that they were bound to do so in order to fulfil their contract, ought now to be estopped from claiming that the last item of stone was furnished on December 4, 1891, and that the lien was not filed in time. National v. O'Reilly, 85 Ill. 546; Hubbard v. Brown, 8 Allen, 590; McKelvey v. Jarvis, 87 Pa. St. 414; Worthen v. Cleaveland, 129 Mass. 570; Bruce v. Berg, 8 Mo. App. 204; McIntyre v. Trautner, 63 Cal. 429; Turner v. Wentworth, 119 Mass. 459.

*James A. Kellogg*, for respondents.

There is no claim that the stones furnished in the first instance were not exactly in accordance with the specifications, and it is not disputed that those furnished on the second order were larger than those specified. There is no possible chance to claim that Ring & Tobin were completing an incomplete contract on their part in the second furnishing. This brings the case squarely within the rule laid down in Frankoviz v. Smith, 34 Minn. 403. The second furnishing was under an entirely new contract, and does not enlarge the time of filing a lien for the furnishing under the first contract. Sullivan v. Brown, 8 Wash. 347; Central T. Co. v. Chicago, K. & T. Ry. Co., 54 Fed. 598; King v. Cleveland, 50 Oh. St. 320; Great v. Burns, 59 Mo. App. 391; Buchanan v. Selden, 43 Neb. 559; Chase v. Garver, 90 Iowa, 25.

CANTY, J.

This is an action to foreclose a mechanic's lien, and the court below held that plaintiff is not entitled to relief because the lien statement was not filed within the statutory time.

The defendant railway companies erected a brick and stone passenger railway station on land owned by them. The contract to

erect the same was let to one Maxfield, and he entered into a contract with Ring & Tobin, whereby they agreed to furnish the cut stone for the building. They furnished the stone in conformity with both contracts and with the plans and specifications of the architect. According to these, the brick should have been laid so as to conform to the stone trimmings, but were not so laid. Maxfield used different brick from those specified, so that certain stones laid in the corners of the building were not thick enough to correspond with the brick, thereby leaving above and below each stone a large space or crack, which was filled with mortar. After the building was completed in this condition, the architect refused to accept it because of these defects, and for the same reason the railway companies would not pay Maxfield, and he could not or would not pay Ring & Tobin.

Ring & Tobin delivered the last of the stone and completed their contract on December 1, 1892. The court finds the following additional facts:

"After the completion of said building, and on or about the 18th day of February, A. D. 1892, upon the suggestion of the architect of said building, and at the request of said Maxfield, said Ring & Tobin furnished eight other pieces of stone, four of which were put in said building in place of four other pieces of stone furnished in accordance with specifications, for which said last stone Ring & Tobin never made any charge, and for which no claim is made in this action."

The lien statement was not filed until April 23, 1892, more than 90 days after said December 1, when the original contract was completed, but not more than 90 days after the additional stone was furnished, February 18. The learned court below held that the furnishing of the additional stone did not extend the time for filing the lien statement.

In our opinion, this is error. In Scheible v. Schickler, 63 Minn. 471, 65 N. W. 920, furnaces were put in, with a warranty as to their capacity. The contract was fully performed, and the work accepted, but the furnaces did not fulfil the warranty. By a subsequent contract the contractor agreed, in satisfaction of all damages, to substitute certain other furnaces, which he did.. We held that a

lien statement filed within 90 days after the completion of the last work, but more than 90 days after the completion of the first work, was filed in time. See also Shaw v. Fjellman, 72 Minn. 465, 75 N. W. 705. In the latter case we say, at page 468:

"After it was supposed that the work had been completed, and it was accepted or taken possession of by the owner, he or his agent might extend the time for filing the lien by requiring additional work to be done to remedy defects subsequently discovered, and the time for filing the lien would commence to run from the completion of such additional work," citing National v. O'Reilly, 85 Ill. 546; Jeffersonville v. Riter, 138 Ind. 170, 37 N. E. 652; McIntyre v. Trautner, 63 Cal. 429.

This rule must be applied here. True, Ring & Tobin had completed their work properly, and were not obliged to furnish any more stone. But the railway companies demanded the change, and consented to the furnishing of more material in order to make that change. By demanding the additional material before making payment, Maxfield assumed that Ring & Tobin had not completed their contract, and is now estopped to say that they had.

"Defendant cannot be heard to say that the additional work, done at his request to complete the contract, was not done under the same contract. The notice of lien was filed in time." McIntyre v. Trautner, supra.

For the purpose of this estoppel, the contractor must be regarded as the agent of the owner.

The order appealed from is reversed, and a new trial granted.