MINNEAPOLIS TRUST COMPANY v. GREAT NORTHERN RAILWAY COMPANY and Another.[1]

July 30, 1900.

Nos. 12,084—(195).

**Mechanic's Lien—Former Decision.**
> This case is ruled by the former decision thereof in this court in 74 Minn. 30, which is followed.

**Findings Supported by Evidence.**
> The findings of the court were supported by evidence which fully justified the conclusions of law herein.

Action in the district court for Kandiyohi county by plaintiff, as receiver of Martin Ring, against Great Northern Railway Company and St. Paul, Minneapolis & Manitoba Railway Company and L. T. Maxfield to enforce a mechanic's lien for $1,304 on a station building of defendant companies. The case was tried before Powers, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant companies appealed. Affirmed.

*James A. Kellogg,* for appellants.

*H. W. Young,* for respondent.

LOVELY, J.

Ring & Tobin, who are represented in this action by the plaintiff, furnished defendant Maxfield, a contractor, with a quantity of stone to be used in the construction of a depot building on land owned by the two railroad companies defendant, at Willmar in this state. The work had been completed, and was accepted by such owners. Afterwards, on the complaint of the architect that a portion of the stone was not in compliance with the contract, Ring & Tobin furnished and delivered, with the knowledge and acquiescence of Max-

[1] Reported in 83 N. W. 463.

field, eight other stones, four of which were put in the depot building in place of those which had formerly been used in its construction. The question on the former appeal and here is whether the time for filing the lien statement should date from the furnishing of the last delivery of the eight stones at Willmar, or on the previous completion of the building. In the latter case the lien would be sustained; in the former, not.

This court held in the former decision (74 Minn. 30, 76 N. W. 953) that while Ring & Tobin had completed their work properly, and were not obliged to furnish any more stone, the railroad companies demanded the change, and consented to the furnishing of more material in order to make that change, and, by requesting Ring & Tobin to furnish the additional material before making payment, Maxfield, the contractor, assumed that Ring & Tobin had not completed their contract, and is now estopped from saying that they had; and also, for the purpose of such estoppel, the contractor must be regarded as the agent of the owners of the building. The trial court found that the last portion of the stone so furnished for the construction of the passenger station was on February 18, 1892, and that it was of the value alleged, and that within ninety days of the furnishing of such last item of stone a proper lien statement was filed, and held the railway companies subject to a lien for the payment of the entire bill of stone furnished by Ring & Tobin. The court below held (following the view in the former decision, based upon the action of the railway companies in demanding and accepting the replacement of the stone in the construction of the depot building) that the contract was not completed until February 18, 1892, which conclusion is fully supported by the evidence, and warrants the conclusion of law that the plaintiff was entitled to the enforcement of the lien upon such depot building to the extent of the value of the amount found by the court.

We have examined the remaining assignments of error, and find them to be without sufficient merit to require notice.