[Civ. No. 358.   First Appellate District.—October 11, 1907.]

## T. B. HUBBARD, Appellant, v. EUGENE A. LEE et al., Respondents.

MECHANICS' LIENS—FAILURE TO RECORD CONTRACT—LIABILITY OF OWNER—CONSTRUCTION OF CODE.—Under the proper construction of sections 1183 and 1186 of the Code of Civil Procedure, where the contract is void for failure to record the same, the liability of the owner is not intended to extend to a personal judgment in favor of lienholders, but only to a lien for the value of their claims of lien, if properly made and recorded, and enforced within the time limited by the code.

ID.—NOTICE INTERCEPTING SUM DUE CONTRACTOR—LIMIT OF OWNER'S LIABILITY.—A written notice of lien claimants served upon the owner of the property for labor and materials furnished to the contractor has only the effect, under section 1184 of the Code of Civil Procedure, to intercept the sum then due from him to the contractor, and cannot make him personally responsible to the lien claimants beyond that amount.

ID.—TIME FOR FILING LIEN—ACTUAL COMPLETION OF BUILDINGS.—The time for filing the liens of claimants is to be computed from the date of the actual completion of the buildings constructed upon which the liens are claimed.

ID.—NEGLECT OF OWNER—EVIDENCE—ADMISSIONS—ESTOPPEL.—Where the owner neglected not only to record the contract, but also to file for record the notice of actual completion of the work required by the statute, he cannot complain of the admission in evidence of his declarations that the buildings were not actually completed or accepted by him, at a date from which the liens were filed in time. The lien claimants were entitled to rely upon his admissions and, under the circumstances, he was estopped to deny the same.

ID.—ESTOPPEL NOT PLEADED—EVIDENCE—WAIVER OF OBJECTION.—The rule that an estoppel must be pleaded does not apply when the plaintiff does not know that his demand must ultimately rest upon estoppel. Where no objection was made to evidence thereof, the failure to plead the same cannot be objected to upon appeal for the first time.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and A. H. Jarman, for Appellant.

The garnishment of the owner by the notices intercepting the amount actually due the contractor is not dependent upon claims of lien. (*Bates* v. *Santa Barbara County,* 90 Cal. 543, 27 Pac. 438; *First Nat. Bank* v. *Perris Irrigation Dist.,* 107 Cal. 65, 40 Pac. 45; *Weldon* v. *Superior Court,* 138 Cal. 430, 71 Pac. 502; *Newport* v. *Drew,* 125 Cal. 585, 58 Pac. 187; James on Mechanics' Liens, sec. 340; *Russ Lumber & Mill Co.* v. *Roggencamp* (Cal.), 35 Pac. 643.) The liens were filed in time, and the rejection of evidence to show the admission of the owner and his estoppel to deny the same was erroneous. (Code Civ. Proc., sec. 1692, subd. 3; *McIntyre* v. *Trautner,* 63 Cal. 429; *Minneapolis Trust Co.* v. *Great Northern Ry. Co.,* 74 Minn. 30, 76 N. W. 953; 20 Am. & Eng. Ency. of Law, 2d ed., 399.) The estoppel was not required to be pleaded, the plaintiff not having the requisite knowledge. (16 Cyc. 809, and notes 37, 38; *Donnelly* v. *San Francisco Bridge Co.,* 117 Cal. 421, 49 Pac. 559.)

Beasly & Fry, for Respondents.

The owner is not personally liable to claims of lien, where the contract is not recorded, but his property alone is subject thereto. (*McClain* v. *Hutton,* 131 Cal. 144, 61 Pac. 273, 63 Pac. 182, 622; *McMenomy* v. *White,* 115 Cal. 343, 47 Pac. 109; *Kennedy Lumber Co.* v. *Priet,* 115 Cal. 99, 46 Pac. 903; *Southern California Lumber Co.* v. *Schmitt,* 74 Cal. 625, 16 Pac. 516; Bufford on Contracts and Statutory Liens, sec. 549, p. 854; *Kellogg* v. *Howe,* 81 Cal. 170, 22 Pac. 509.) The offer of evidence to show admissions constituting an estoppel was properly excluded, as not being sufficient to show an estoppel and as not having been pleaded. Equitable estoppels proceed upon the ground of fraud or culpable negligence. (*Gunn* v. *Bates,* 6 Cal. 263; *Carpentier* v. *Thirston,* 24 Cal. 269; *Farish* v. *Coon,* 40 Cal. 33; *Watson* v. *Sutro,* 86 Cal. 500, 24 Pac. 172, 25 Pac. 64.) Such estoppels must be pleaded or they cannot be considered. (*Eitcheborn* v. *Auzerais,* 45 Cal. 122; *Clark* v. *Huber,* 25 Cal. 593; *Davis* v. *Davis,* 26 Cal. 23, 85 Am. Dec. 157; *Bray* v. *Marshall,* 75 Mo. 327; *Maxwell* v. *Longenecker,* 89 Ill. 102; *Anderson* **v.** *Hubbell,* 93 Ind. 570, 47 Am. Rep. 394.)

COOPER, P. J.—Action to foreclose lien for materials.

Findings were filed, upon which judgment was entered for defendant Lee as to the lien claimed on his land. This appeal is from the judgment, and an order denying the plaintiff's motion for a new trial. It appears that in April, 1905, defendants Hastings, copartners, herein called the contractors, entered into a written contract with defendant Lee, the owner of the lots, by the terms of which they agreed to furnish materials and labor and build for Lee three houses for the sum of $6,700. This contract was never filed for record in the office of the county recorder. The contractors entered upon the performance of the contract, and at their request Hubbard and Carmichael Bros., the assignors of plaintiff, furnished lumber, mill work and building materials, which were used in the construction of the houses, of the value of $2,894.90, of which sum $1,000 was paid by the contractors and no more. The buildings were completed in October, 1905, but no notice of completion was ever filed in the recorder's office. On June 29, 1906, the assignors of plaintiff served upon Lee a notice in writing, stating that $1,894.90 was still due them for materials used in the buildings, and demanding that Lee withhold from the contractors the said sum and pay the same to them for said materials. At the time this notice was served Lee had paid to the contractors the sum of $6,225 upon account, and there was remaining due upon the contract and for certain extra work the sum of $526.35 and no more. The court rendered a personal judgment against Lee for the latter named amount, and as to this there is no controversy. On July 23, 1906, the plaintiff's assignors filed for record in the recorder's office their claim of lien in due form and properly verified, and immediately thereafter commenced this action for the purpose of foreclosing the said claim and having it declared a lien upon the buildings and lots of Lee. The court held that the claim of lien was not filed for record within the time allowed by law, and that the plaintiff was not entitled to foreclose the same, but was only entitled to a personal judgment against the original contractors for the balance after deducting the said $526.35.

Two questions are presented for decision, which we will consider in the order set forth in appellant's brief.

The first contention is that, as the contract was void as to plaintiff's assignors because not recorded, the owner Lee became personally responsible to them for the amount of their claim. It is urged that the statute itself is notice to the owner, and that if he pays the contractor the full contract price he does so at his peril. It is provided in the code (Code Civ. Proc., sec. 1184) that materialmen and persons other than the contractor may serve a written notice upon the owner that they have performed labor or furnished materials to the contractor, stating the value or the agreed price. Upon such notice being served it is the duty of the owner to withhold from the contractor "sufficient money due, or that may become due, to such contractor, or other person, to answer such claim and any lien that may be filed therefor for record under this chapter." At the time the notice was given in this case there was only $526.35 due the contractor, and nothing else became due. The notice, therefore, intercepted the amount "due," and it was kept by the owner, and applied by the judgment of the court toward the payment of the plaintiff's claim. It is, therefore, evident that the notice did not, and could not, make the owner responsible for anything not due or to become due to the contractor at the time it was served. The contention, therefore, resolves itself into the question as to whether or not the statute makes the owner responsible *personally* for materials furnished to the contractor in cases where the contract is void because not recorded. We do not think such is the meaning of the statute. It provides (Code Civ. Proc., secs. 1183, 1184) that unless the contract is recorded it shall be void, and the materials furnished by all persons except the contractor "shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." And again, that in case such contracts do not conform substantially to the provisions of the section, all labor done and materials furnished "shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof." The statute means that in such case the materials shall be deemed to have been furnished at the special instance and request of the owner, for the purpose of giving the materialman a lien upon the building or structure upon and in which such materials were

used. It imposes a penalty upon the owner of the lot upon which the building is erected by making the building and the lot subject to a lien for the value of the materials. The owner in such case does not purchase the materials, nor does he make any contract to pay for them. The materialman does not contract with the owner, nor furnish the materials upon his personal credit. The only liability of the owner is that imposed by the statute, and that is to subject his property to a lien; and even then the claim of lien must be properly made and recorded, and action brought to foreclose in proper time as in other cases. No personal liability is mentioned in the statute, and in each section after the words "shall be deemed to have been done and furnished at the personal instance of the owner," we have the additional words "and they shall have a lien for the value thereof. We are not inclined to extend the meaning of the statute beyond its express terms for the purpose of compelling the owner to pay a debt that he did not contract nor agree to pay, and that was in fact incurred by another party. (*Buell* v. *Brown*, 131 Cal. 158, [63 Pac. 167].)

While the following cases do not go to the extent of what has been said, they uphold the construction we have placed upon the statute: *McMenomy* v. *White*, 115 Cal. 339, [47 Pac. 109] ; *McClain* v. *Hutton*, 131 Cal. 133, [61 Pac. 273, 63 Pac. 182, 622] ; *Kennedy etc. Lumber Co.* v. *Priett*, 115 Cal. 98, [46 Pac. 903] ; *Southern Cal. Lumber Co.* v. *Schmitt*, 74 Cal. 625, [16 Pac. 516].

The second contention of appellant is that the court erred in excluding certain evidence as to statements or declarations of defendant Lee, and also of the contractors, as to when the buildings were completed. The complaint alleges that the buildings were completed May 17, 1906. Hastings, one of the contractors, testified that the buildings were completed on said last-named date. The court found that they were completed in the month of October, 1905, and further that the contractors "performed labor upon and used materials in the construction of said buildings on or about May 17, 1906, but that the said labor performed and materials furnished were to remedy certain trivial imperfections therein." It is thus seen that the question as to *when* the buildings were completed was a material one, as upon it depended the validity of the lien. It is sometimes a question not easily

determined as to when a building was in fact completed.
In many cases the question is so close as to whether the last
work was done by way of completing the building, or to
remedy trivial imperfections, that the finding of the trial
judge will not be disturbed. In this case the owner did not
file the contract for record, as the statute made it his duty
to do. He did not file for record a notice setting forth the
date the building was actually completed, as the statute pro-
vides he *must* do. Having done nothing by way of protect-
ing the materialman, he is not in a position to claim the
strict exclusion of all testimony tending to show his own acts
and conduct in relation to the fact as to when the buildings
were completed.

Lee was called as a witness by plaintiff, and was asked
the following question: "Q. In April, 1906, did you have
any conversation with Mr. T. B. Hubbard, wherein you in-
formed him that the buildings were not completed, and that
you had not accepted them?" Defendant's counsel objected
to the question on the ground that it was incompetent, ir-
relevant and immaterial, and not the way to prove the com-
pletion of the buildings. Counsel for plaintiff then said:
"We want to show by the defendant Lee, himself, that he,
Lee, informed Mr. T. B. Hubbard, manager of Hubbard and
Carmichael Bros., that these buildings were not completed,
and that he, Lee, had not accepted the buildings, and would
not until certain other work was done. That Lee had re-
peatedly made these statements, and that Hubbard and Car-
michael Bros., materialmen, and plaintiff's assignor, had
relied upon these statements." The court sustained the ob-
jection to the question, and plaintiff duly excepted.

The plaintiff while a witness in his own behalf was asked
the following question: "Q. Between September, 1905, and
May, 1906, did you have any conversation with Wesley W.
Hastings with reference to the completion of the Lee house?"
Defendant's counsel objected to the question as immaterial.
Counsel for plaintiff thereupon stated that the object of the
question was to prove an estoppel. The court sustained the
objection, to which the plaintiff duly excepted. The same
question in effect was asked of the witness as to statements
made by the contractors, and the same ruling was made.
The plaintiff, after being further questioned as to state-
ments made by defendant Lee, was asked if he "acted upon

those statements." Upon objection being made counsel for plaintiff again stated to the court as follows: "I will state to the court that the purpose of these questions is as follows: I want to prove by Mr. Hubbard and other witnesses that Mr. Wesley W. Hastings, as the architect, informed Mr. Hubbard, as the manager of Hubbard and Carmichael Bros., frequently between the months of September, 1905, and May, 1906, that the Lee houses were not completed, nor were they accepted, and that there were two payments still due. I want to prove also that Mr. Lee, the owner of these houses, informed Mr. Hubbard that the houses were not complete, and that he had not accepted them, even as late as April, 1906." The court, in excluding the offered evidence, said: "Your offer to prove these matters is denied. It is the duty of a materialman to determine for himself when the houses are completed. He has no right to rely upon the statements of the owner, or the architect."

In our opinion the court erred in its rulings in so excluding the offered testimony. It was competent for the purpose of proving or tending to prove the fact as to when the buildings were completed, and also for the purpose of proving that the defendant Lee was estopped from claiming that the lien was not filed in time. It was an admission that the buildings had not been completed. Whether or not the statements were made was for the court to determine, but we must presume for the purposes of this case that they were made. If Lee stated to the plaintiff or his assignors repeatedly that the buildings had not been completed, and that he had not accepted them, as late as April, 1906, what reason was there for excluding the evidence? If the statements were made and were untrue they certainly were made for some purpose. If they were not made for the purpose of lulling the plaintiff into repose, so that the time for filing a lien would expire, it is difficult to perceive their object. It would be the most natural thing for a materialman to ask the owner as to whether or not the building had been completed, and in such case the materialman would have a right to rely upon the answer or statement given to him by the owner. It would not be the duty of the materialman to employ an expert to examine the building in order to determine the fact. If he did, the owner might not allow such

expert to enter the building. In the present case the owner not only failed to file any notice as to when the building was completed, but now claims that his statements to the lien claimant, that the building had not been completed, were immaterial, and the court held that the plaintiff "had no right to rely upon the statements of the owner." If the claimant could find no notice of record; if he could not rely upon the statements of the owner; and if he could not rely upon the statements of the architect, his right to file a notice of lien, and thus save his rights, was a mere hazard. If he had filed it before the building was completed it would have been too early. If he waited beyond the statutory time it was too late. If the owner by his own declaration intentionally led the plaintiff to believe that the buildings were not completed, and plaintiff acted upon such belief, and by reason of such declaration, as to the completion of the buildings, he cannot now be permitted to falsify such declaration. (Code Civ. Proc., sec. 1962, subd. 3.) In *McIntyre* v. *Trautner*, 63 Cal. 429, it was held that when defendant objected that the job was not satisfactory, that the pipes leaked, and requested plaintiff to go and put them in proper shape, that defendant would not be heard to say that the work was completed before the plaintiff repaired and perfected the pipes. (See, also, *Minneapolis Trust Co.* v. *Great Northern Ry. Co.*, 74 Minn. 30, [76 N. W. 953]; *Minneapolis Trust Co.* v. *Maxfield* (*Great Northern Ry. Co.*), 81 Minn. 28, [83 N. W. 463]; 20 Am. & Eng. Ency. of Law, 2d ed., p. 399.)

Defendants attempt to obviate the point by arguing that, as the plaintiff did not plead estoppel, he will not be allowed to prove it. Such rule does not apply when the plaintiff is without knowledge that his demand must ultimately rest upon estoppel. (*Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 421, [49 Pac. 559].) In this case estoppel was not the foundation of the plaintiff's claim. He may have believed, and may have been justified in believing, that the buildings had not been completed. It may be further said that no objection was made to the evidence on the ground that estoppel had not been pleaded, nor did the court place its ruling upon that ground. In such case the objection cannot be urged here for

6 Cal. App.—39

the first time. (*Davis* v. *Davis,* 26 Cal. 23, [85 Am. Dec. 157]; *Flynn* v. *Ferry,* 127 Cal. 648, [60 Pac. 434].)

The judgment and order are reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 9, 1907.