[Civ. No. 549.  First Appellate District.—April 29, 1909.]

T. B. HUBBARD, Appellant, v. C. H. LEE, Administrator of the Estate of EUGENE A. LEE, Deceased, et al., Respondents.

MECHANICS' LIENS—COMPLETION OF BUILDING—TRIVIAL IMPERFECTIONS —DECLARATIONS OF OWNER AS TO NONCOMPLETION—ESTOPPEL TO DENY LIEN.—In an action to foreclose a mechanic's lien upon a building contracted for deceased as owner, in which it appears that neither the contract therefor nor any notice of the completion of the building was filed with the recorder; that the building was in fact completed, except as to trivial imperfections, December 1, 1905; that the contractors performed work on the building to remedy those imperfections on May 8 and 9, 1906, toward which plaintiff furnished materials, and filed his claim of lien July 23, 1906; but that during all of the interval the owner persistently declared that the building was not completed and that he would not accept the

same, upon which declarations plaintiff relied in furnishing such materials and as to the time for filing his claim of lien—the owner was thereby estopped to deny the validity of plaintiff's claim of lien.

ID.—DECISION UPON FORMER APPEAL—LAW OF CASE.—When this court upon a former appeal decides that error had been committed in refusing to admit evidence of such declarations of the owner on the ground that they were admissible to prove an estoppel of the owner to deny the validity of plaintiff's claim of lien, such decision is the law of the case on the present appeal as to the legal effect of such declarations to estop the owner from denying such validity.

ID.—LABOR OR MATERIALS FURNISHED AFTER COMPLETION UPON THEORY OF NONCOMPLETION—ESTOPPEL.—If additional work is done or materials furnished in accordance with a demand made by the owner, based upon the theory that the contract for labor or materials had not been fully performed, the owner is estopped to assert that the contract was completed before such additional work was performed or materials furnished, though such was clearly the fact.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing to vacate a judgment, to amend the conclusions of law and direct judgment for appellant upon the findings. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and A. H. Jarman, for Appellant.

Beasly & Fry, and J. S. McGinniss, for Respondents.

HALL, J.—This action was brought by plaintiff, as assignee of Hubbard and Carmichael Bros., materialmen, to foreclose a lien in the sum of $1894.90, for materials used in constructing certain buildings upon the property of defendants' intestate, Eugene A. Lee, who was one of the original defendants in the action, but has died since the action was brought. The contractors, Hastings & Son, are also defendants, but made no defense other than to file a formal answer. Plaintiff also sought a personal judgment against Lee for the sum of $1894.90, basing this claim upon a notice given Lee, on June 26, 1906, that plaintiff's assignors had furnished the contractors certain materials used in constructing the buildings. This notice intercepted $526.35 in the hands of Lee, for which the court gave plaintiff judgment against C. H. Lee,

as such administrator, but refused to give judgment for any lien.

Plaintiff insists that on the findings made by the court he is entitled to a lien against the property of Lee for the amount sued for. He accordingly, in due time, made a motion under section 663, Code of Civil Procedure, to amend and correct the conclusions of law and to vacate the judgment as entered, and that a judgment awarding him a lien for the amount of his claim and foreclosing the same be entered.

His motion was denied, and this appeal is from such order and judgment.

The contract under which the buildings were built was never filed in the recorder's office, and no notice of the completion of the buildings was ever filed in said office. The claim of lien was filed on the twenty-third day of July, 1906. The court found that the buildings were actually completed on December 1, 1905. The court, however, found certain other facts, which appellant contends have the effect to estop defendant from asserting that the buildings were completed prior to May 9, 1906. Whether or not the facts found work such estoppel is the only question presented by this appeal, for if the claim of lien was filed in time, it is not contended that plaintiff should not have judgment enforcing his claim of lien for the full amount sued for.

The case was before this court on a former appeal, when the judgment was reversed because of error committed by the trial court in refusing to admit evidence as to statements made by the owner Lee, and his architect, to plaintiff's assignors, between the months of September, 1905, and May, 1906, to the effect that the Lee houses were not completed. It was there held that such testimony "was competent for the purpose of proving or tending to prove the fact as to when the buildings were completed, and also for the purpose of proving that defendant Lee was estopped from claiming that the lien was not filed in time." The discussion, in the opinion, as to the admissibility of said evidence was mostly in regard to its effect as an estoppel. It was there said: "In the present case the owner not only failed to file any notice as to when the building was completed, but now claims that his statements to the lien claimant, that the building had not been completed, were immaterial, and the court held that the plaintiff 'had no right to rely upon the statements of the owner.'

If the claimant could find no notice of record; if he could not rely upon the statements of the owner; and if he could not rely upon the statements of the architect, his right to file a notice of lien, and thus save his rights, was a mere hazard. If he had filed it before the building was completed it would have been too early. If he waited beyond the statutory time it was too late. If the owner, by his own declaration, intentionally led the plaintiff to believe that the buildings were not completed, and plaintiff acted upon such belief, and by reason of such declaration, as to the completion of the buildings, he cannot now be permitted to falsify such declaration." (*Hubbard* v. *Lee,* 6 Cal. App. 602, [92 Pac. 744].)

What was there decided has become the law of this case. (*Hoadly* v. *City and County of San Francisco,* 70 Cal. 324, [12 Pac. 125] ; *Benson* v. *Bunting,* 141 Cal. 464, [75 Pac. 59] ; *Franz* v. *Mendonca,* 146 Cal. 643, [80 Pac. 1078].)

It thus only remains for us to see whether or not the findings of fact bring the case within the rule of estoppel thus laid down.

A portion of the contract between the owners and contractors is set out in the findings, from which it appears that the work and materials were to be done and furnished under the direction and supervision, and subject to the approval, of the architect employed by the owner. After finding that plaintiff's assignors did furnish the material to the contractors between April 28, 1905, and May 4, 1906, to be used in, and that the same actually were used in, the erection and construction of the buildings, the court found: "That practically all of said building materials were furnished by said firm of Hubbard & Carmichael Bros. prior to November 1st, 1905; with the exception of certain minor mill work furnished on May 4th, 1906, for the purpose of remedying certain trivial imperfections in said buildings." . . . "That said buildings were erected on said property heretofore described according to the terms of said contract between Eugene A. Lee and the said defendants A. W. Hastings & Son, and were ready for occupancy and were actually occupied by the defendant Lee and his tenants on or prior to the first day of November, 1905. That upon the occupancy of said buildings, the work of their construction ceased for a period of thirty days, and that said period of thirty days expired on December first, 1905, on which day said buildings were actually completed. That said A. W.

Hastings & Son, as said contractors, performed labor upon and used materials in the construction of said buildings on the eighth and ninth days of May, 1906, but that the said labor performed and materials furnished were to remedy certain trivial imperfections therein. That certain trivial work was done on the 17th day of May, 1906, in perfecting and painting certain window screens.

"That said Eugene A. Lee continued to occupy one of said houses as his residence, and resided therein at all times after said completion until the time of the commencement of this action.

"That between October 1st, 1905, and April 11th, 1906, the said A. W. Hastings as such contractor, and said Wesley W. Hastings as such architect, separately and repeatedly and during each month between said dates, stated to the firm of Hubbard & Carmichael Bros. that said buildings were not completed, that the owner had not accepted the job, and that there was more work to be done before it was completed, and that there were two payments still due. That said firm of Hubbard & Carmichael Bros. relied upon the truth of the statements made to him by said A. W. Hastings and said Wesley W. Hastings, and did not further investigate the matter, either by visiting the premises, or inquiring of the owner in regard to the completion of said buildings, except as hereinafter set forth.

"That during all of said period of time, to wit, between the first day of October, 1905, and the eleventh day of April, 1906, the said Eugene A. Lee repeatedly stated during each month to his contractors, A. W. Hastings & Son, and to his architect, Wesley W. Hastings, that the buildings were not completed, that there was more work to be done, and that said work must be done by said contractors before he, as the owner, would accept the same. That on April 6, 1906, the said Wesley W. Hastings left the city of San Jose, and immediately upon learning of said fact plaintiff, as one of the partners of the firm of Hubbard & Carmichael Bros., and A. L. Hubbard, an employee of said partnership, went to the home of said defendant Eugene A. Lee, and there interviewed him in reference to the completion of said buildings. That said Eugene A. Lee then and there stated to said T. B. Hubbard, in the presence of A. L. Hubbard, that the said buildings

10 Cal. App.—31

were not completed, that he had not accepted them, and that certain work must still be done by said contractors before said buildings were completed. That on or about May 1st, 1906, said Eugene A. Lee stated to Will M. Beggs, the attorney of, and while acting for the firm of Hubbard & Carmichael Bros., that the job was not completed.

"That immediately thereafter said T. B. Hubbard caused said contractors to complete said buildings to the satisfaction of said defendant Eugene A. Lee. That a carpenter, an employee of said contractors, under the personal supervision of said defendant Eugene A. Lee, performed such additional work on said buildings as he directed, which work consisted in remedying said trivial imperfections to the satisfaction of said owner on the 8th and 9th days of May, 1906, with the exception of the painting of certain screens, which was done on the 17th day of May, 1906.''

We think the facts thus found by the court bring the case within the rule of estoppel laid down by this court on the former appeal. While it is true that the court found that the buildings were actually completed, save for some trivial imperfections, on the first day of December, 1905, it is perfectly clear from the findings that the owner took the position that they were not completed. Notwithstanding the trivial imperfections he might have recorded a notice of the completion of the buildings, which would have set at rest any controversy on this point. Instead of so doing, he consistently maintained, until sometime in May, 1906, that the buildings were not completed. According to the findings he repeatedly during each month from October 1, 1905, to April 11, 1906, stated both to his contractor and his architect that the buildings were not completed, and that more work must be done by his said contractors before he would accept the same. His authorized architect and agent in the supervising of the construction of said buildings repeatedly each month during the same period made the same statements to plaintiff's assignors. They relied on these statements—as we have before decided they had a right to do—until they learned that the architect had left the city, when they made inquiries of the owner, Lee, when he stated that the buildings were not completed, that he had not accepted them, and that certain work must still be done by said contractors before said buildings were completed.

Thereafter Hubbard & Carmichael Bros. furnished certain mill work to the contractors for the purpose of remedying the imperfections in the buildings, and said contractors used said materials in remedying said imperfections on the eighth and ninth days of May, 1906, as required and directed by the owner.

These facts estop the owner from claiming that the buildings were completed prior to May, 1906, under the rule laid down upon the first appeal of this case, and which fully accords with the established law on this subject. The rule is thus laid down in 20 American and English Encyclopedia of Law, 399: "If additional work is performed or materials furnished in compliance with a demand made by the owner . . . based upon the theory that the contract for labor or material had not been fully performed, the owner is estopped to assert that the contract was completed before such additional work was performed or materials furnished, though such was clearly the fact." (See, also, 27 Cyc. 147, 148; *Stidger* v. *McPhee,* 15 Colo. App. 252, [62 Pac. 332]; *McIntyre* v. *Trautner,* 63 Cal. 429; *Minneapolis Trust Co.* v. *Great Northern Ry. Co.,* 74 Minn. 30, [76 N. W. 953]; *Minneapolis Trust Co.* v. *Great Northern Ry. Co.,* 81 Minn. 28, [83 N. W. 463]; *Nichols* v. *Culver,* 51 Conn. 177; *Hubbard* v. *Brown,* 8 Allen (90 Mass.) 590; *Turner* v. *Wentworth,* 119 Mass. 459; *Farnham* v. *Richardson,* 91 Me. 559, [40 Atl. 553]; *Cole* v. *Uhl,* 46 Conn. 296.)

The facts found bring this case squarely within the rule above quoted.

The judgment and order are reversed, and the trial court directed to enter judgment upon the findings of fact in accordance with the views herein expressed.

Cooper, P. J., and Kerrigan, J., concurred.