[L. A. No. 9055. In Bank.—October 1, 1928.]

C. GANAHL LUMBER COMPANY (a Corporation), Appellant, v. W. THOMPSON et al., Defendants; MILTON M. LONGSHORE et al., Respondents.

G. C. De Garmo and H. B. Cornell for Appellant.

Walter M. Campbell for Respondents Longshore.

Richard Kittrelle for Respondent McWhinnie.

WASTE, C. J.—This action was instituted to foreclose a materialman's lien and to recover on a statutory bond given by the contractors. The appeal is taken on the judgment-roll alone. It appears from the findings that the defendants Longshore, as owners, entered into a contract with the defendants Thompson and Stowell, as contractors, for the erection of a building on the owners' lot in the city of Redondo

Beach. Defendant McWhinnie, as surety, purported to execute a bond to insure the performance of the contract as provided for in section 1183 of the Code of Civil Procedure. The building was completed September 21, 1923, at which time the owners moved in, took possession, and occupied the premises. The occupancy was accompanied by a cessation of labor. Notice of completion was not filed within ten days after completion, as required by section 1187 of the Code of Civil Procedure, but was filed by the owners on November 30th, more than two months thereafter. This notice specified November 15th as the date of completion. On December 27th the appellant filed its claim of lien for materials furnished and used in the construction of the building and subsequently brought this action to foreclose.

The trial court entered judgment for plaintiff against the contractors for the amount due for the materials furnished, together with interest and costs, but denied it the right to foreclose its lien. It also denied plaintiff judgment against the surety on the contractors' bond. From the adverse portions of the judgment plaintiff has appealed.

The trial court found, and the appellant concedes, that the building was completed and occupied by the owners on September 21, 1923. ▓▓ As the owners failed to file their notice of completion within ten days thereafter it was incumbent upon all persons to file their claims of lien within ninety days after actual completion of the building. (Code Civ. Proc., sec. 1187; *Schwartz & Gottlieb* v. *Marcuse,* 175 Cal. 401, 415 [165 Pac. 1015]; *Bird* v. *American Surety Co.,* 175 Cal. 625, 631 [166 Pac. 1009]; *Robison* v. *Mitchel,* 159 Cal. 581, 585 [114 Pac. 984]; *Simons Brick Co.* v. *Hetzel,* 72 Cal. App. 1, 9 [236 Pac. 357]; *Emigh-Winchell Hdw. Co.* v. *Pylman,* 38 Cal. App. 508, 509 [176 Pac. 722].) This the appellant failed to do, for it deferred such action until December 27, 1923, ninety-seven days after actual completion. It has, therefore, no valid lien.

▓▓ Even if it be assumed, without deciding, that the owners by reason of their tardy filing of the notice of completion are estopped to deny that the building was completed on November 15, 1923, as recited in such tardy notice of completion, it would avail the appellant nothing for its claim of lien would not, even then, have been filed within thirty days after such completion as required by section 1187. A

notice of completion, tardily filed, cannot, as contended by appellant, be said to be the "equivalent" of completion within the meaning of section 1187 so as to afford a lien claimant thirty days thereafter within which to file his claim of lien. The code section, both expressly and by necessary implication, requires that such notice of completion, to be the "equivalent" of completion, must be filed within ten days after completion. The language of the section may not reasonably be construed to include, as the "equivalent" of a completion, a notice thereof filed at any time thereafter. In other words, such notice to be the equivalent of completion must be filed in accordance with the mandatory provision of the code section, viz., within ten days after actual completion. Any other construction of this provision of the section would be strained and unwarranted. In the language of *Buell & Co.* v. *Brown*, 131 Cal. 158, 162 [63 Pac. 167], "We are not required to give a strained construction to the statute in order to enable plaintiff to collect its debt from parties who never agreed to pay it and who never requested the delivery of the materials." The case at bar is distinguishable from *Hubbard* v. *Lee*, 10 Cal. App. 477, 482 [102 Pac. 528] (Id., 6 Cal. App. 602 [92 Pac. 744]), claimed by the appellant to be "directly in point." In the cited case the owner had neglected not only to file for record the notice of completion as required by the statute, but had repeatedly stated and represented to the materialman and lienor that the buildings were not completed and that he had not accepted them and would not accept them until certain other work was done. The lienor *relying on these representations* delayed the filing of his lien and the owner was thereafter held to be estopped by reason of such representations to deny the timeliness of the filing of the lien.

The trial court held that plaintiff was not entitled to judgment against defendant McWhinnie as surety on the contractors' bond "for the reason that said instrument is not a good, sufficient and valid bond." An examination of the bond appearing in the findings discloses that it was not properly drawn in that the name of one of the owners of the property appears in the body of the instrument as "surety" whereas the signature of defendant McWhinnie appears at the end thereof where it is usual and customary for a surety or obligor to sign his name. In our opinion the

apparent inadvertent insertion of the owner's name in the body of the bond does not serve to relieve the defendant McWhinnie of liability thereunder. Section 2837 of the Civil Code provides that ''In interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts.'' The general rule is that contracts must be so interpreted as to give effect to the intention of the parties as it existed at the time of contracting. It follows, therefore, that technical rules of construction must give way when the intention of the parties is ascertainable and lawful. (Civ. Code, sec. 1636; 6 Cal. Jur. 252, sec. 163.) Without question it was the intention of all the parties concerned herein, including the defendant McWhinnie, that he should be liable in the event the conditions specified in the bond as creating liability should arise. In construing a bond so as to carry out the intention of the parties a court may transpose or reject insensible words. (4 Cal. Jur. 352, sec. 2, and authorities there cited.) Inasmuch as the defendant McWhinnie signed his name at the end of the bond as obligor, the improper insertion of the owner's name in the body of the instrument should be disregarded. It is no defense that defendant McWhinnie's name does not appear in the recitals of the bond, for the fact that an obligor's name is not recited in the body of the bond, or is incorrectly recited therein, does not affect its validity or his liability thereunder if the bond is otherwise properly executed and signed by him and if the bond and circumstances clearly show an intention to charge him. (4 R. C. L. 51, sec. 8.) Nor does the failure of the contractors to sign the bond as principals affect the liability of the surety thereon. (*Kurtz* v. *Forquer*, 94 Cal. 91, 93, 94 [29 Pac. 413].)

For the foregoing reasons the judgment is affirmed except in so far as it purports to deny relief to the appellant as against the defendant McWhinnie. In this latter respect the judgment is reversed with directions to the court below to enter judgment for the plaintiff as against the defendant McWhinnie. The appellant to recover costs against the respondent McWhinnie and the respondents Longshore to recover costs against the appellant.

Seawell, J., Langdon, J., and Richards, J., concurred.

SHENK, J., Concurring and Dissenting.—I concur in the conclusion of the foregoing opinion concerning the sufficiency of the bond as against the defendant McWhinnie, but I dissent from that portion of the opinion which holds that the plaintiff's claim of lien was not filed within time. It is undisputed that the claim of lien was filed within thirty days after the filing of the notice of completion by the owners. But it is held that because the owners did not file the notice of completion within ten days after the date of completion, as such date is now asserted by them (but contrary to the completion date inserted in the notice of completion), therefore the filing of said notice of completion could not be deemed an equivalent of completion as provided in section 1187 of the Code of Civil Procedure. Ordinarily no one is in as good a position to know when a building is completed as the owner. At least he is in a better position to know than lien claimants. Being in that position, he is bound so to direct his course of action as not to mislead lien claimants with reference to the time when claims of liens must be filed. If the owner occupies the premises and there is a cessation of labor, as in the present case, the lien claimants are put upon notice that they must file their liens within ninety days, if no notice of completion is filed within that time. But if, as here, within said ninety days, the owner files of record a verified notice of completion, lien claimants should be entitled to rely on the record of such filing as indicating the statutory equivalent of completion and the owner should be estopped to deny the verity and effect of his affirmative step in so filing his notice of completion. Otherwise his action might, and in this case undoubtedly did, operate to the prejudice of the lien claimant. In other words, the owner should not be permitted to rely on his own disregard of the statute in failing to file the notice of completion within the statutory time when such disregard of the statute has resulted in misleading the lien claimant. That an estoppel will lie against an owner when he makes inconsistent claims as to the date of completion has been decided in the case of *Hubbard* v. *Lee,* 10 Cal. App. 477 [102 Pac. 528], relied upon by the plaintiff. The oral representations of the owner in that case were of no greater force, in my opinion, than the solemn act of the owners in this case in

verifying and recording their notice of completion. As a practical matter the lien claimant should be permitted to rely on the filing of the notice of completion as the thing which starts running the thirty-day period, if the notice of completion is filed within the ninety-day period. He may gain his information from the records of the county recorder either by the publication of filings of notices of completion in the various trade and other journals, or by inspecting the records himself. (See *Hughes Mfg. etc. Co.* v. *Hathaway*, 174 Cal. 44 [161 Pac. 1159].) If no notice of completion is filed within the ninety-day period he must, of course, place his claim of lien on record within that period in order to protect his rights, and no question of estoppel would arise by reason of the failure of the owner to file a notice of completion within that time.

Curtis, J., and Preston, J., concurred.