| Harry Shackleton<br>vs.<br>William J. Hassell, et als. | Eq. No. 8599. |

February 23, 1929.

TANNER, P. J. This is a mechanic's lien petition and is heard upon motion of the respondents to dismiss the petitioner's claim that he was induced to delay the formal demand for the architect's certificate of completion and the lodging of the account to commence legal process by reason of respondents' request that litigation should be delayed for the purpose of settling the accounts between the parties. The owner claimed that the building was not completed.

> "If the owner by his own declaration negligently led the plaintiff to believe that the buildings were not completed and the plaintiff acted upon such belief and by reason of such declaration as to the completion of the buildings, he can' not now be permitted to falsify such a declaration."

*Hubbard* vs. *Lee*, 102 Pac. 528; 10 Cal. App. 47.

We think the evidence proves that the petitioner was lulled into inaction by the long continued efforts of the

parties to adjust the matter and that this was largely due to the failure of the respondents to submit an itemized list of counter claims as they agreed to do. We think that the respondents were wholly acquainted with the efforts of counsel to adjust the matter and were fully in agreement that such efforts should be made.

We therefore think that the legal process was commenced within four months after the petitioner had reason to believe that no certificate would be given nor any adjustment made.

It is also claimed that the suit at law begun by attachment waived the lien proceedings.

We are inclined to think that the attachment was merely a cumulative remedy not inconsistent with the lien proceedings, since it was not the taking of any additional security by agreement of the parties. But if there were any election of remedies, we think that it would have been the suit at law that was barred rather than the mechanic's lien since proceedings to enforce the mechanic's lien were brought before the suit at law.

It is also claimed by the respondents that the account of extras filed as a commencement of legal proceedings is not sufficiently within the rule laid down in McPherson vs. Greenlaw, 27 R. I. 178.

We do not think that the objection would be sufficient as to a number, at least, of the items stated in the account lodged. While the account lodged cannot be amended, nevertheless the amended account filed with the third amended petition indicates that many of the items were agreed to, and we think that this might be taken at least as an offer to prove that such items were agreed to and thus would be sufficient within the rule of the case cited.

For these reasons the motion to dismiss is denied.

For complainant: R. M. Greenlaw.

For respondents: Gardiner, Moss & Haslam; Curran, Hart, Gainer & Carr.