[Civ. No. 7869.   Third Dist.   May 28, 1951.]

NEWT OLSON LUMBER COMPANY, Respondent, v. CLIFFORD CUE et al., Defendants; JOEL A. WHITE-HURST et al., Cross-Complainants and Appellants; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Cross-Defendant and Appellant.

[Civ. No. 7870.   Third Dist.   May 28, 1951.]

R. GARDNER, Respondent, v. CLIFFORD CUE et al., Defendants; JOEL A. WHITEHURST et al., Cross-Complainants and Appellants; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Cross-Defendant and Appellant.

Linneman, Burgess & Telles for Appellants.

D. Oliver Germino and Ray W. Hays for Respondents.

PEEK, J.—The present controversy arose out of an action instituted by plaintiff Olson Lumber Company against the defendants Cue and Mr. and Mrs. Whitehurst to foreclose a materialmen's lien, and a second action filed by plaintiff Gardner against the same defendants to foreclose a mechanic's lien. The Whitehursts answered and cross-complained against The Fidelity and Casualty Company on its bond. Upon stipulation the two cases were consolidated for trial and following a judgment favorable to plaintiffs, the bonding company and the Whitehursts separately appeal to this court.

The record shows that defendant Cue, a licensed building contractor, undertook to make certain major alterations on the premises occupied by the Whitehursts. Cue also contracted with the lumber company for certain building materials to be used in said alterations, and said materials were so furnished by the company. He made a similar agreement with plaintiff Gardner, who agreed to and did furnish certain materials and the plumbing fixtures necessary on the Whitehurst premises.

Plaintiffs' complaint alleged, and the defendants' answers admitted, that a notice of completion was filed on October 11, 1948. It was further alleged and also admitted that the lumber company first furnished materials between February 21 and September 13, 1948, and that Gardner furnished materials and labor between March 4 and September 6, 1948. The Whitehursts by their cross-complaint alleged that The Fidelity and Casualty Company was jointly liable under its surety bond for any loss they might sustain by reason of the filing of such liens, and prayed that said company be brought in as a party defendant, and the court so ordered.

At the trial it was established by uncontradicted testimony that all work on the building was completed by September 18, 1948. It was also established by uncontradicted testimony that the Whitehursts were in possession of the premises during the latter part of August 1948. There was further uncontradicted evidence that plaintiffs' notices of claims of lien were mailed on November 9 and recorded on November 12, 1948. At the conclusion of the hearing the court, among other things, found that on November 9, 1948, plaintiffs filed their claims of lien; that such liens were recorded on November 12, 1948, and that each of the plaintiffs had a lien on the premises.

Upon motion for a new trial the judgment, which was entered in favor of plaintiffs, was reduced to the amount of the bond, to wit, $3,885.33, and it is from that judgment that the appeal is taken.

The sole question presented to this court is whether valid liens were ever created. It is appellants' contention, both at the trial and on appeal, that said notices were not filed within 30 days after completion of the improvements as required by section 1187 of the Code of Civil Procedure.

The portions of that section pertinent to the question herein presented, are that any person other than the original contractor who has furnished labor and materials shall have 30 days after completion of the work as a whole in which to file a claim of lien. It is further provided that for the purposes of the act the occupation of the structure, accompanied by cessation of work or the acceptance by the owner or the cessation of work for 30 days shall be the equivalent of completion. Lastly, the section provides that should the owner fail to file notice of completion as provided in the chapter within 10 days after there has been cessation of work for a period of 30 days, ". . . then all persons claiming the benefit of this chapter, shall have 90 days after the completion of said work of improvement within which to· file their claims or lien.''

Since it is readily apparent from the record before us that this appeal can be disposed of by application of the portion of section 1187 above quoted, the additional argument made by plaintiffs in support of the judgment becomes immaterial.

As previously noted it is undisputed that the Whitehursts were occupying the premises in question at the time all work ceased on September 18, 1948, and hence under the provisions of said section 1187 such occupation is deemed the equivalent of completion (See *Nevada County Lumber Co.* v. *Janiss,* 25 Cal.App.2d 579, 582 [78 P.2d 200]), and the owner would have 10 days thereafter in which to file his notice of completion. But the notice of completion was not filed until approximately 23 days after the date of the completion of the work. Thus, their failure to file said notice of completion as provided in said section extended to 90 days the time in which plaintiffs could file their claims of liens. (*C. Ganahl Lumber Co.* v *Thompson,* 205 Cal. 354, 356 [270 P. 965].)

Although the evidence on this point is undisputed the record discloses no findings by the trial court in this regard.

It would appear that there is a case falling squarely within the purpose and intent of section 956a of the Code of Civil Procedure. Therefore the findings of fact in case number 18613 are amended by adding paragraph IX thereto to read as follows: "The court further finds that all construction work on defendants' premises ceased on September 18, 1948, on which date the defendants Whitehurst were in occupancy of said premises," and that the findings of fact in case number 18614 are amended by adding paragraph IV thereto to read as follows: "The court further finds that all construction work on defendants' premises ceased on September 18, 1948, on which date the defendants Whitehurst were in occupancy of said premises."

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.