[No. 6,532.—Department No. 2.]

## BARROWS ET AL. *v.* KNIGHT ET AL.

MECHANIC'S LIEN—CONTRACTOR—SALE—DELIVERY.—In an action upon a me-
chanic's lien, it appeared that the plaintiffs, under a contract with the owner,
furnished materials and performed labor upon a building; but that such
materials were furnished and labor performed more than sixty days before
filing the lien, with the exception of two bolts, which were not used in the
construction of the building, but which, (it was claimed and found) had been
delivered in pursuance of the contract. *Held,* upon the facts stated in the
opinion, that it did not appear that this was the case, and a new trial
granted.

ID.—QUERY.—Could the plaintiff, under such a contract, in any event, acquire
a lien, except for the materials actually used in the construction?

APPEAL from a judgment for the plaintiff, and from an order
denying a new trial, in the Seventeenth District Court, County
of Los Angeles.  SEPULVEDA, J.

The facts are stated in the opinion.

*Thom & Ross,* and *Thom & Stephens,* for Appellants.

The furnishing of the bolts on the 3rd day of January can-
not give validity to plaintiffs' lien, because the bolts were not
used in the building.  At most, plaintiffs could only have a lien
for the value of the bolts.  To entitle a material-man to a lien,
it is essential that the materials should be actually used in the
construction of the building. (*Phillips* v. *Wright,* 5 Sand.
361; *Houghton* v. *Blake,* 5 Cal. 24; *Tibbetts* v. *Moore,* 23 id.
215; Houck on Liens, §§ 97, 99.)

*J. G. Howard & Glassell, Smith & Smiths,* for Respondent.

The facts proven show a contract within the meaning of the
Code of Civil Procedure, and such contract was not completed
until delivery of the last item. (*Thielman* v. *Carr,* 75 Ill. 385;
*Chicago Artesian Well Co.* v. *Carey,* 60 id. 73; *Diller* v. *Bur-
ger,* 68 Pa. 432; *Singerly* v. *Doerr,* 62 id. 9; *Hazard Powder
Co.* v. *Loomis,* 2 Disney, (Ohio) 544; *Fowler* v. *Bailey,* 14
Wis. 141; *Capron* v. *Strout,* 11 Nev. 304; *Skryme* v. *Occi-
dental M. and M. Co.* 8 id. 219; *Stine* v. *Austin,* 9 Mo. 559;
*Vito Vili* v. *Dixon,* 12 id. 479; 16 id. 256; 33 id. 31; *Spencer*
v. *Barnett,* 35 N. Y. 94.)

It is sufficient to allege and prove that the materials were " furnished to be used " in the building, to entitle the material-man to a lien. It is immaterial whether they were used or not, unless diverted from such use with the knowledge and consent of the material-men. (*Esslinger* v. *Hurbner*, 22 Wis. 602; *City of Crawfordville* v. *Barr*, 45 Ind. 258; *Chicago Artesian Well Co.* v. *Carey*, 60 Ill. 73; Code Civ. Proc. §§ 1183, 1185, 1186.)

It needs no construction. The point has never been decided or raised in this Court. (*Houghton* v. *Blake*, 5 Cal. 240 ; *Bottomly* v. *Grace Church*, 2 id. 90 ; *Tibbitts* v. *Moore*, 23 id. 215; *Davis* v. *Livingston*, 29 id. 287.)

All of the above decisions were rendered while the Act of 1862 was in force.

The language of that Act was, " furnished for the construction "; that of the Act of 1868 and of the Code, " furnished to be used in the construction."

Were appellants' counsel right in their construction, the only effect would be to strike out the items furnished but not used. This the Court has done.

Plaintiffs certainly had a lien for materials furnished *and used*. They had sixty days after the completion of their contract. Their contract was not completed until January 3rd, 1877, when the last items were furnished. The subsequent diversion of these materials by defendants from the use for which they were furnished could not have the effect of throwing back the completion of the contract to a prior date.

SHARPSTEIN, J.:

This is an action to foreclose a mechanic's lien upon a house and lot. Judgment was rendered and entered for the plaintiffs. J. De Barth Shorb and two other defendants moved for a new trial, which was denied. From the judgment, and order denying a new trial, defendant Shorb has appealed to this Court.

The Court found among others the following facts :

" On the 19th day of October, 1876, the plaintiffs as such partners, at the special instance and request of the defendant C. A. Knight, commenced, and from time to time, up to and including the 3rd day of January, 1877, continued to furnish materials to be

used in and to perform labor upon the construction of that certain frame dwelling-house erected and. now being upon that parcel of land described in the complaint, situated in the County of Los Angeles, and all the materials so furnished were actually used in the construction of said building, except two bolts of the value of $3.50, which were not used in such construction, but were furnished to be so used on January 3rd, 1877."

"On or before the said 9th day of October, 1876, the said defendant C. A. Knight, through the defendant Albert Knight, who was his father and agent, entered into a contract with plaintiffs, by the terms of which plaintiffs agreed to furnish such materials to be used in and to perform such labor upon the construction of said building as should from time to time be demanded ; and pursuant to such contract, plaintiffs performed the labor and furnished the materials referred to in the last finding.

" Said contract was completed by plaintiffs on the 3rd day of January, 1877, and not before, and within sixty days thereafter, to wit, upon the 2nd day of March, 1877, plaintiffs duly filed with the County Recorder of Los Angeles County their claim duly verified by the oath of the plaintiff, W. C. Furrey, containing a statement of plaintiffs' said demands, after deducting all just offsets and credits, with the name of the reputed owner C. A. Knight, and the names of said Albert Knight and J. de Barth Shorb, as having or claiming some interest in said lands, and also the name of the person by whom they were employed, and to whom they furnished said materials, to wit, said C. A. Knight, with a statement of the terms, time given, and conditions of their said contract, and also a description of the said property sought to be charged with the lien, sufficient for identification."

It appears by the evidence that the plaintiffs are hardware merchants, and that in the months of October, November, and December, 1876, they furnished various articles of hardware to the defendants, Knights, father and son, to be used in the construction of the house upon which they seek in this action to enforce a lien. The understanding was that the house was being built for the son, and the articles furnished by plaintiffs were charged to him, although the father ordered some of them. The only articles which the plaintiffs claim to have furnished after

December 28th, 1876, are two door-bolts, which the Court finds were not used in the construction of the building.   One of the plaintiffs testified that these were ordered by Albert Knight a few " days previous to the 12th of December," 1876.   If the plaintiffs can be regarded as contractors, and their contract was not completed until these bolts were furnished, then their claim of lien was filed for record within sixty days after the completion of their contract.   Otherwise their claim was filed too late. The reason for the delay in furnishing the bolts was, that the plaintiffs did not have them when they were called for in the early part of December, 1876, nor until they had procured them from San Francisco.   That the bolts which the plaintiffs furnished were taken by somebody to the premises of the Knights is quite clear, but it does not appear to whom they were delivered, or how they came to be upon said premises.   There is no claim that they were delivered to any person before the 3rd of January, 1877, and there is no evidence as to whom they were then or afterward delivered.   One Ballard testified that he worked upon the building as a carpenter, and that he obtained the bolts for it of Foster, Howard & Co., on the 11th of December, 1876, and put them on the door, and that the house was ·finished as early as the 20th of December, 1876.   C. A. Knight, one of the defendants, testified that the house was finished on the 18th day of December, 1876, and that no work was done on it to his knowledge after that date.   He further testified as follows: " Some time before the house was finished, I ordered two front-door bolts at Barrows & Furrey's, (plaintiffs) but they were so long in delivering them that we were obliged to get another set, which were put on the doors ; the pair from Barrows & Furrey were not used, and were in the house when I left San Gabriel.   I sent the bolts to Barrows & Furrey, but they refused to take them back."

It does not seem to us, that the plaintiffs acquired any right to a lien upon the building for the value of these bolts taken upon the premises by somebody after the completion of the building.   The plaintiffs had never entered into any contract to furnish to the defendants, nor had the defendants agreed to procure from the plaintiffs, all the hardware which might be required for the construction of the building.   The defendants

did procure some of it from the plaintiffs, and some of it elsewhere. There is no evidence tending to prove that the defendants agreed to wait for the bolts until the plaintiffs could procure them, and we are unable to discover that they were under any obligation to do so. The only contract between the parties was that defendants pay for what they procured of plaintiffs. Under the most favorable construction which we can put upon the law relating to mechanics' liens, the plaintiffs could only acquire under such a contract a right of lien upon the building for the materials actually used in its construction. We are not all of us prepared to go so far as that at present. But we all agree that the claim of lien was not filed within the time limited by law for filing it, and that the Court erred in denying the defendants' motion for a new trial. The appeal from the judgment must be dismissed on the ground that it was not taken within one year from the entry of the judgment. But the defendants' motion for a new trial should have been granted.

Order denying defendants' motion for a new trial reversed, and cause remanded for a new trial.

Tʜᴏʀɴᴛᴏɴ, J., and Mʏʀɪᴄᴋ, J., concurred.