[L. A. No. 212.    Department Two.—April 7, 1897.]

# T. J. GILLIAM, RESPONDENT, v. ANDREW BROWN ET AL., APPELLANTS.

CONTRACT TO CONSTRUCT DITCH—GUARANTY OF CAPACITY—CONSTRUCTION OF CONTRACT—WARRANTY—TIME FOR PAYMENT.—Where, by the terms of a contract for the construction of a ditch, the contractor was entitled to his money when a cut was made sufficient in capacity and grade to carry all the waters of a creek, and he was required to guarantee that all the waters of the creek should run through the cut for two years from the completion of the work, such guaranty is in the nature of a warranty, for which the owners of the ditch took the responsibility of the contractor, and he is not required to wait for the two years, and then show that the ditch had carried all the water at all times, to enable him to recover.

ID.—ACTION FOR COMPENSATION—PERFORMANCE—ACCEPTANCE OF DITCH—INAPPLICABLE INSTRUCTION—VERBAL ALTERATION OF WRITTEN CONTRACT.—In an action by the contractor to recover the agreed compensation for the construction of the ditch, where the plaintiff contended that he had fully performed his contract, and also that the defendants had accepted the ditch as completed, the latter contention is not a claim that the contract had been varied, but that the defendants had accepted the work, and thereby agreed that it had been done as required, or that, by an executed agreement, which the parties were competent to make, further performance was waived, and the owners of the ditch accepted the work, and bound themselves to pay for it, although the contract had not been fully performed; and it is not error to refuse to instruct the jury, at the request of the defendants, upon the subject of verbal alterations of written contracts, even if the instructions asked were not substantially given by the court.

ID.—LEVY OF ASSESSMENT—ERRONEOUS INSTRUCTION AS TO ACCEPTANCE.—Neither the levy of an assessment upon the ditch nor an agreement to pay the workmen, while denying that the contract has been performed, and claiming that nothing is due to the plaintiff, can constitute an acceptance of the work; and an instruction to the jury that it is for them to determine whether the levy of an assessment of one thousand dollars was an alteration of the contract, to the extent that it constituted an acceptance of the work, is doubly erroneous in submitting to the jury a question of law, and in instructing on the question of an acceptance of the work.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. A. R. CONKLIN, Judge.

The facts are stated in the opinion of the court.

*B. Brundage*, for Appellants.

*E. Rousseau*, for Respondent.

TEMPLE, J.—This is an action upon a contract whereby plaintiff agreed to construct a ditch. The defendants are associated farmers of Kern county. The complaint charges them as partners in a certain ditch under the firm name of the Whitney Creek Ditch Company. Plaintiff avers that he and defendants entered into an agreement in writing, whereby he agreed to construct the ditch, for which defendants contracted to pay one thousand dollars; that he constructed the ditch, and defendants accepted it as complete, but have not paid.

The defendants, besides their denials of plaintiff's allegations, aver that plaintiff contracted to make an open cut along a described line from Whitney creek, at a depth below the creek, and of capacity sufficient to carry all the water that Whitney creek contains at all times into the south fork of Kern river, to complete the work within two years, and to maintain such cut in such condition that it will divert and carry all the waters of the creek for two years after the completion thereof, and they charge that he has failed to perform this contract.

The only evidence of a written contract at the trial consisted of a written proposal for bids, signed by certain persons as trustees, representing themselves to be trustees of the Whitney Creek Ditch Company, and plaintiff's acceptance thereof.

The proposal for bids was as follows:

"NOTICE TO BIDDERS.   WHITNEY CREEK DITCH CO.

"According to the decision of the members of the above company, bids will be received by the trustees of above company for a contract to make a cut where the tunnel now is. The cut to be made so as to convey all the water that Whitney creek contains at all times. The successful bidder to guarantee and see that all the water of said creek runs through the cut for two years from

completion of the work. The successful bidder to give bonds for double the amount of his bid. Work to commence not later than June 1, 1892. Bids will be opened on November 10, 1891, in presence of the bidders by the full board of trustees. The trustees reserve the right to reject any and all bids. By order of the company.

"South Fork, September 14, 1891.

"(Signed)                              WM. SCODIE,
                                       "FRANK FUGITT,
                                       "C. J. E. TAYLOR,
                                                "Trustees."

In his bid plaintiff agreed to fulfill the requirements of the trustees set out in the notice inviting the same.

By the terms of this contract, as shown by the proposal for bids, plaintiff was entitled to his money when a cut was made sufficient in capacity and grade to carry all the waters of Whitney creek at all times. The guaranty that all the water shall run through the cut for two years was in the nature of a warranty. For that the company took the responsibility of the plaintiff. He was not required to wait for the two years, and then show that the ditch had carried all the water at all times, to enable him to recover.

This view shows that many matters over which there was much controversy at the trial were immaterial. Upon every material point there was a conflict of evidence, and, whether the verdict was in accordance with the preponderance of testimony or not, we cannot say that it was unsupported by testimony.

Plaintiff contended that he had fully performed his contract, and was on that ground entitled to his pay. He also contended that the defendants had accepted the ditch as completed. This was not, as contended by counsel for defendants, a claim that the contract had been varied, but that the defendants had accepted the work, and thereby agreed that it had been done in all respects as required; or, if it had not been fully performed, that further performance was waived. It was

competent for the parties to accept the work done and to bind themselves to pay for it, although the contract had not been fully performed. If this is an alteration of the contract, it was at once an executed agreement. I do not, therefore, deem the refusal to give the instruction asked by defendants upon the subject of the verbal alterations of written contracts injurious, even if the instructions were not substantially given elsewhere by the court.

The instruction in regard to the levy of an assessment is of doubtful import, but seems to tell the jury that it is for them to determine whether the levy of an assessment of one thousand dollars was an alteration of the contract to the extent that it constituted an acceptance of the work. This was doubly erroneous. The so-called levy of an assessment could not of itself constitute an acceptance of the work, and, if it did, it would do so as a matter of law, and its effect would be for the court to declare. I do not find in the record any evidence whatever of an acceptance of the work. An agreement to pay the workmen, while denying that the contract has been performed, and claiming that nothing is due plaintiff, would not constitute such acceptance. For this reason, also, the instruction was erroneous. Quite likely the verdict was based upon this proposition.

For these reasons the judgment is reversed and the cause remanded.

McFARLAND, J., and HENSHAW, J., concurred.