CROSS & JOHNSTON, APPELLANTS, V. SAMUEL M. EYERLEY ET AL., APPELLEES.

FILED APRIL 9, 1910. No. 15,986.

1. Mechanics' Liens: TIME OF FILING: EVIDENCE. "When more than four months intervene between items of an account for material furnished a mechanic's lien will not attach for the items preceding the hiatus, unless it is made to appear by competent evidence that all the items were furnished pursuant to one contract." *Henry & Coatsworth Co. v. Fisherdick,* 37 Neb. 207.

2. ———: AUTHORITY OF TENANT. A tenant cannot, without the authority, expressed or implied, of the landlord, charge the leased premises with a lien for material used in repairing a building thereon.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lewis C. Paulson,* for appellants.

*Adams & Adams, contra.*

ROOT, J.

This is an action to foreclose an alleged mechanic's lien. The plaintiffs had judgment for $1.75, and appeal to this court.

In July, 1907, one Taylor purchased the real estate described in this action. The defendant Eyerley was Taylor's tenant. In June, 1907, the barn upon said premises burned. Taylor and Eyerley then agreed that Eyerley should purchase material for, and Taylor construct, a new

barn, and the rent accruing for the use of the premises should be applied by Eyerley for the money advanced by him for said material. Thereafter Eyerley procured lumber from the plaintiffs. The barn was completed July 11. Subsequently, about November 1, Eyerley complained to Taylor concerning the cellar under the house on said premises, and Taylor agreed to furnish brick to be used in constructing a wall for the cellar, if Eyerley would perform the labor. Taylor purchased brick, and subsequently the wall was built in December. In November the defendant Maria Burr purchased the property from Taylor, and agreed to sell it to Eyerley. About that time Taylor and Eyerley settled their accounts, and a balance of $40 due the latter was paid by Taylor. Mrs. Burr received $65 from Eyerley on the real estate contract. About January 1, 1908, Eyerley disappeared, and, so far as the record discloses, has not been heard from since that time.

To establish plaintiff's lien, their manager, Mr. Trumbull, testifies that in June Eyerley told him that he (Eyerley) wanted material to build a barn and repair the kitchen in the house on the lot described in the petition; that witness informed Eyerley he might have the material, and when the barn was constructed and the repairs were completed he should settle for material furnished. Trumbull further testifies that the material for the barn was duly delivered; that Eyerley on the 12th of December, 1907, procured a barrel of lime, and stated he was through with the repairs, and the account was then cast up. Eyerley was not produced, nor his testimony procured. Mr. Trumbull, on direct examination, testifies that part of the lumber was furnished for the barn as late as November, but it is clearly shown that the barn was completed as early as July 12. Trumbull also testifies that Eyerley paid him about $10 in November, and said he was not through repairing yet, and that when Eyerley called for the lime in December he stated he was through with the repairs and would soon settle his bill. For five months after that structure was finished no ma-

terial was furnished Eyerley for any purpose, and no attempt was made to collect the bill or file a claim for a lien. Since more than four months intervened between the date the last material was furnished for the barn and the date the barrel of lime was delivered, there can be no recovery for the lumber unless it and the lime were furnished under one and the same contract. *Henry & Coatsworth Co. v. Fisherdick,* 37 Neb. 207.

Taylor only authorized Eyerley to procure material for the barn. No authority was granted the tenant to purchase any material for repairs, or to improve the house, and it was beyond Eyerley's power to bind Taylor's interest for material not authorized by the landlord to be procured and used upon the premises. *Moore v. Vaughn,* 42 Neb. 696; *Stevens v. Burnham,* 62 Neb. 672. In November, when Taylor parted with his title to the lot, plaintiffs' lien for the lumber had not been perfected, and the statute had barred the right to perfect that lien. In December Eyerley had acquired an interest in the premises by virtue of Mrs. Burr's agreement to sell it to him. He could then bind that interest for the value of the lime furnished to repair the house. The district court evidently so held by decreeing a lien for said lime. Taylor did not deceive the plaintiffs, nor did he give Eyerley ostensible authority to purchase any material other than the lumber. Trumbull testifies he was depending upon the lot to make his employers secure for the material furnished. The statute gives the materialman a lien for material furnished the owner of real estate, or his agent, for the construction of buildings, or appurtenances thereon, but it does not give a lien for any and all material used for that purpose, irrespective of the authority, expressed or implied, vested in the purchaser to procure that material at the expense of the owner of the lot.

Independently of the findings of the district court, we find that the plaintiffs have not sustained the burden cast upon them by the answer of the defendants, and the judgment of the district court is

AFFIRMED.