## P. T. WALTON LUMBER CO. v. COX *et al.*

No. 935.   Opinion Filed July 11, 1911.

(116 Pac. 798.)

**MECHANICS' LIENS**—Lien Statement—''Material Furnished.'' Where the last item of charge but one of an itemized account and lien statement filed by a subcontractor, pursuant to Snyder's Comp. Laws of Okla. 1909, secs. 6151-6153, was for material furnished and actually used in the construction of the building, and the last item of charge was for material not actually so used, **held**, that the latter material was not ''furnished'' within the contemplation of the statute, and that the statutory 60 days within which to file said lien statement began to run from the date of said last item but one, and, having run at the time of the filing of said statement, no lien was fastened upon the property.

(Syllabus by the Court.)

*Error from District Court, Garfield County; Jno. F. Curran, Judge pro tempore.*

Action by the P. T. Walton Lumber Company against Alexander T. Cox and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Parker & Simons,* for plaintiff in error.

*Sturgis & Manatt,* for defendants in error.

TURNER, C. J.   On July 30, 1908, the P. T. Walton Lumber Company, a corporation, plaintiff in error, sued Alexander-

T. Cox, defendant in error, in the district court of Garfield county · on account for material furnished J. W. Jarbo for the erection of a dwelling house for said Cox in Enid, and also to foreclose a materialman's lien theretofore filed by said company against said building. There was trial to the court and judgment for defendant and plaintiff brings the case here.

It is contended by defendant that the last item of charge but one of the account—that is, the item of January 7, 1908—was the date upon which the material therein set forth was last furnished. If so, the lien statement was not filed within 60 days prescribed by statute, and no lien accrued. On the other hand, it is contended that the last item of charge of the account—that is the item of March 6, 1908—was the date upon which said material was last furnished. If so, said statement was filed within said 60 days as required by statute, and his lien accrued, and plaintiff is entitled to have the same enforced. The trial court found for defendant on the issue, and, in effect, that the material under the item of the latter date was not "furnished" at all within the contemplation of the statute, and hence the lien statement was not filed in time to fasten a lien upon the property. Therein was no error.

Snyder's Stats. of Okla. 1909 provide:

"Sec. 6151. Contract.—Any person who shall, under oral or written contract with the owner of any tract or piece of land * * * furnish material for the erection * * * of any building, * * * shall have a lien," etc.

"Sec. 6153. Sub-contract.—Any person who shall furnish any such material, * * * under a sub-contract with the contractor, * * * may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner and to the same extent as the original contractor, for the amount due him for such material * * * by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished under such sub-contract, a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof. * * *"

The material furnished by plaintiff, as shown by the item of March 9, 1908, consisted of six screen doors. Concerning them

there is no conflict in the testimony. The evidence discloses: That after Jarbo had contracted with Cox to erect the building Jarbo made arrangeemnts with plaintiff as sub-contractor to furnish the material therefor. That the material was so furnished from September 25, 1907, up to and including the item of January 7, 1908, and amounted at that time to $1,020.50. That shortly before that date the house was completed, all but furnishing five screen doors, and possession thereof delivered to Cox, who moved in. That on February 6, 1908, Cox settled with Jarbo for the contract price, $1,425.10, "less two screen doors, $3 each, $6; three screen doors, $1.65 each, $4.95; four transom lifts, 50 cents each, $2, and pay carpenters to fix porches, $4," and payed him the balance due, leaving unpaid plaintiff's account for $510.20. That a few days thereafter plaintiff's auditor was informed by Cox that .he had settled with Jarbo. That on March 2, 1908, Jarbo ordered of plaintiff the doors in question—or so its auditor said—which, on the 6th day of March, 1908, were hauled to the building for the purpose of delivery. That Jarbo was not there (he left a few days later); but defendant intercepted the load as it drove up, and was told that the doors were not wanted and would not be received, whereupon, after defendant had passed on, the drayman unloaded and left them on the back porch where the same are now, so far as this record discloses, the same never having been accepted by any one or used in the building. The doors were not "furnished" within the contemplation of the statute. To be furnished so that a lien can exist, the material must be actually used in the construction of the building. In order to recover in an action of this kind it is necessary to so allege and prove.

*Harness v. McKee-Brown Lumber Co.,* 17 Okla. 624, 89 Pac. 1020, was an action brought by said company against Harness for balance due on account for lumber and material furnished Gillespie & Son, contractors and builders, with which to build a dwelling house for the plaintiff in error. The court said:

"In order for the lumber company to recover in this action,

it was necessary for it to establish by a preponderance of the evidence the existence of a state of facts that in law would give it the right to file a lien against the premises of the defendant for the lumber furnished, and plaintiff in error contends that there is no evidence in the record showing that the lumber furnished by the company to Gillespie & Son was ever used in the construction of defendant's house; and that, if the lumber and material were not used in its construction, the company had no right at any time to file a lien"

—and, after characterizing the same to be a material issue, held it to have been fairly submitted to the jury by an instruction set forth in the opinion.

To the same effect, see *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170, where the court in the syllabus said:

"Where M. enters into a contract with E., agreeing to furnish all material and construct a building for R., and S., a materialman, having knowledge of the contract of M., makes a contract in relation thereto with M. to furnish the material for such building, with the understanding that the material is to be used by M., becomes a sub-contractor within the meaning of the mechanics' lien law, and if the material is actually used in the construction of the building, S. is entitled to a mechanic's lien as a sub-contractor."

In *McGarry v. Averill,* 50 Kan. 362, 31 Pac. 1082, 34 Am. St. Rep. 120, the court in the syllabus said:

"In an action by a subcontractor for building material sold by him to a contractor to be used in the construction of a building upon the land of another, and to foreclose a mechanic's lien, the landowner proposed to prove that the building material for which suit was brought had not been used in the construction of the building, but the offer was refused. Held, that the refusal was error. *Hill v. Bowers,* 45 Kan. 592, 26 Pac. 13."

See, also, *Rice et al. v. Hodge et al.,* 26 Kan. 164; *Cunningham et al. v. Barr et al.,* 45 Kan. 158, 25 Pac. 583; *Shaw et al. v. Stewart,* 43 Kan. 572, 23 Pac. 616.

We are therefore of opinion that said doors, in that they were not used in the construction of the building, were not furnished by plaintiff in error as subcontractor within the contemplation of the statute, and that the same constituted no proper item of charge on the lien statement; that the item of January 7, 1908,

was the date upon which material was last furnished by it as sub-contractor, within such contemplation; that thereafter, and not from said later date, the statute of 60 days began to run, and, having run at the time of the filing of the lien statement herein, plaintiff failed to fasten a lien upon the property.

Finding no error, the judgment of the trial court is affirmed. All the Justices concur.