[Civ. No. 1771.    Second Appellate District.—November 13, 1915.]

## NATIONAL LUMBER COMPANY (a Corporation), Appellant, v. JAMES KENNEDY et al., Respondents.

MECHANICS' LIENS — TIME FOR FILING — COMPLETION OF BUILDING.—In this action to foreclose a lien for materials sold for use in the construction of a building, it is held that the finding that the building was completed more than ninety days before the filing of the lien is supported by the evidence and that the lien was filed too late.

ID.—ESTOPPEL—CONFLICTING EVIDENCE.—Where the evidence is conflicting as to whether the acts and conduct of the owner of the building estopped him from basing any defense to the validity of the lien on account of its not being filed within time, the finding of the trial court thereon is conclusive on appeal.

ID.—TIME FOR FILING LIENS—CONSTRUCTION OF SECTION 1187, CODE OF CIVIL PROCEDURE.—By the provisions of section 1187 of the Code of Civil Procedure all claims of lien must be filed within ninety days after the completion of the building, whether or not a notice of cessation of labor or of completion of the building is filed as required by such section.

APPEAL from an order of the Superior Court of San Bernardino County and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

E. H. Jolliffe, for Respondent Kennedy.

SHAW, J.—Action to foreclose an alleged lien for materials sold by plaintiff to defendant Miller for use in the construction by him, as contractor, of a building for defendant Kennedy.

Miller made default. Kennedy answered, and upon trial judgment was entered for said defendant. The appeal is by plaintiff from an order overruling its motion for a new trial.

No record was made of the contract, which was for a sum exceeding one thousand dollars.

Two questions are presented: First, was the lien filed within the time required after the completion of the building, as provided in section 1187, Code of Civil Procedure? If not, did

the acts and conduct of Kennedy as owner of the building estop him from urging such ground as a defense to the action?

The court found that the building was fully completed on October 15, 1909, but that no notice of its completion was ever at any time filed with the county recorder; that plaintiff's claim and notice of lien was not filed until March 15, 1910, which was one hundred and fifty-one days after .the completion of the building; that Kennedy did not, between November 3 and November 15, 1909, as alleged in the complaint, or at any time, state to plaintiff that said building was not complete according to the plans and specifications; nor is it true that plaintiff delayed filing its claim of lien because of any statements or representations made by Kennedy.

As we understand appellant's brief, it attacks all of these findings, except that as to defendant's failure to file a notice of the completion of the building.

That the building was fully complete and occupied on October 15, 1909, is conclusively shown by the evidence. The only reason suggested for claiming otherwise is the fact that a skylight put in by the contractor proved defective and later, some time in January, 1910, the defendant's tenant, being authorized so to do, employed another workman who installed a skylight in place of the one originally put in under the terms of the contract by Miller, the cost of which substituted skylight was, some time in March, paid for by Kennedy.

Appellant, basing its contention upon the case of *Hubbard* v. *Lee,* 6 Cal. App. 602, [92 Pac. 744], insists that the acts and conduct of Kennedy estop him from basing any defense to the validity of the lien on account of its not being filed within time. In support of this theory plaintiff offered testimony to the effect that, in response to a letter requesting him so to do, Kennedy, some time between November 3d and November 15th, called at its office and in a conversation with its agents concerning the bill for materials furnished to Miller, and wherein the filing of a lien being mentioned, he asked them not to file any lien on the property, that the building was not yet completed, and that Miller would pay the bill. With reference to this conversation, one of plaintiff's witnesses, who at the time represented it, testified as follows: Q. "And you didn't file your lien because you expected I. S. Miller to take care of the amount coming to you? A. Yes, sir. Q. That is the reason you did not file your lien? A.

Yes, sir. Q. Didn't Mr. Kennedy tell you that I. S. Miller had the money to settle these claims and would settle them, and for you not to file any lien? A. Yes, sir. Q. And on that account you didn't file any lien. Now, isn't that the exact reason? A. Yes." In addition to the general effect of plaintiff's evidence being weakened by this testimony, the defendant Kennedy denies that he ever said the building was not completed, but, on the contrary, stated to plaintiff that the building was completed, and that I. S. Miller had the money to pay their bill and told them to go and see him. Conceding that plaintiff's testimony, if believed by the court, might have constituted an estoppel against defendant, nevertheless there was a sharp conflict between the evidence on behalf of plaintiff and that given by defendant, as to which the determination of the court thereon must be deemed final. In the Hubbard case, as here, the owner neglected not only to record the contract, but also to file for record the notice of actual completion of the work as required by the statute, and it was sought to prove that not only the owner, but the architect, repeatedly stated and represented to the material-man and lienor that the buildings were not completed, and that he had not accepted them and would not until certain other work was done, and that plaintiff, relying thereon, had delayed filing his notice of lien; to all of which the court sustained objections, and it was held to be error. The facts in the case at bar easily distinguish it from the Hubbard case.

Appellant next insists that, notwithstanding the expiration of more than ninety days, to wit: one hundred and fifty-one days, following the completion of the building, it nevertheless was entitled to file its notice of lien by reason of the provisions of section 1187, Code of Civil Procedure, to the effect that the owner may, within ten days after completion of any contract, or within forty days after cessation from labor thereon, file for record in the office of the county recorder· of the county where the property is situated, a notice setting forth the date when the same was completed, or on which cessation from labor occurred. The section further provides that "in case such notice be not so filed then the said owner and all persons deraigning title from or claiming any interest through him shall be estopped in any proceedings for the foreclosure of any lien provided for in this chapter from maintaining any defense therein based on the ground that said

lien was not filed within the time provided in this chapter'';
*followed by this proviso:* ''That all claims of lien must be
filed within ninety days after the completion of any build-
ing, improvement, or structure.'' In support of its conten-
tion, appellant cites the case of *Robison* v. *Mitchel,* 159 Cal.
581, [114 Pac. 984]. But there the court, with reference to
this latter clause, say: ''This would seem to fix a time limit
within which all liens must be filed regardless of whether
the owner has filed his notice of completion or not, . . . But
*this question it is not necessary here to resolve.''* Clearly,
the purpose of the provision was to give to persons interested
therein notice of the completion of the work, in order that
they might in due time file their claims of lien. Filing the
notice of completion is not mandatory, but failure to file it
extends the time for filing claims of lien for a period of ninety
days after the actual completion of the work. The legislature
deemed such period ample time for otherwise obtaining in-
formation as to the time of completion. The provision that
*''all claims of lien must be filed within ninety days after the
completion of any building,''* could serve no purpose other
than to terminate the time within which the claim of lien
might be filed. Such is the plain import of the language
used. As found by the court, the building was completed
about October 15, 1909. In the absence of the filing of notice
of its completion, plaintiff had until about the middle of
January within which to file its lien, which, as stated, was
not filed until March 15th thereafter. It appears from the
record that plaintiff's agents passed the building daily and
from October 15th knew that it was occupied and had every
appearance of being completed. In our opinion, the findings
of the court attacked are fully sustained by the evidence.

Since the plaintiff was not entitled in any event to enforce
its claim of lien, the alleged errors due to rulings upon the
admission and rejection of testimony could in no event have
been prejudicial to the rights of plaintiff.

The order appealed from is affirmed.

Conrey, P. J., and James, J., concurred.