[S. F. No. 8470.   In Bank.—February 8, 1918.]

## HOGAN LUMBER COMPANY (a Corporation), Respondent, v. HUGH A. BOYLE et al., Appellants.

MECHANIC'S LIEN—ACTION TO FORECLOSE—COMPLETION OF BUILDING—
CERTAIN FIXTURES WHEN NOT NECESSARY TO COMPLETION—TIME
FOR FILING LIEN.—In an action for the foreclosure of a lien for
materials furnished to an owner of land, who was himself a "specu-
lative house builder," engaged in constructing houses for sale, where
it appeared in evidence that it was not the intention of the owner
to install electric heating and lighting fixtures as part of the com-
pleted house, and that it was his custom never to install such fixtures
until the house was sold, leaving them to be selected by the purchaser,
such fixtures could not be deemed necessary to the completion of the
house, and a notice of lien filed more than ninety days after the
completion of everything except such fixtures, though within ninety
days after their installation, was too late.

ID.—CESSATION OF WORK FOR MORE THAN THIRTY DAYS—TIME FOR FIL-
ING LIEN.—In such action where it appeared that there was a tem-
porary cessation of work on August 20th, and continuing more than
thirty days, the ninety days' time for a materialman to file a lien
commenced to run on September 19th under section 1187 of the Code
of Civil Procedure providing that cessation of labor for thirty days
shall be deemed equivalent to completion of a building for the pur-
pose of filing liens.

APPEAL—TRANSFER TO SUPREME COURT FROM DISTRICT COURT OF APPEALS
—ESTOPPEL NOT PLEADED NOR FOUND BY TRIAL COURT—NOT AVAIL-
ABLE.—Where an appeal was transferred to the supreme court after
decision by the district court of appeals, the respondent could not, in
support of the judgment, avail himself of an estoppel against the
appellant which was neither pleaded nor supported by any finding of
fact by the trial court.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

O'Neill & O'Neill, and Sullivan & Sullivan and Theo.
J. Roche, for Appellants.

B. D. Marx Greene, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal by defendants other than Leo L. Nichols from a judgment and decree in favor of plaintiff foreclosing a lien upon real property for a sum found due for material furnished by plaintiff to defendant Nichols for use by him in the construction of a dwelling-house upon real estate of which he was the owner.

It was conceded at the trial of the case by all parties that the defendant Leo L. Nichols and his wife were at all times up to November 8, 1915, the owners of the lot of land upon which the building was erected; that on the last-mentioned date they sold and conveyed the property to the defendants, Hugh A. and Ida M. Boyle, who ever since have been the owners thereof; that between February 18 and July 6, 1915, plaintiff furnished to the defendant Nichols building material of the value sued for which was actually used in the construction of the building; that said sum had not been paid; and that on December 22, 1915, plaintiff filed for record his claim of lien.

Claiming the same to be contrary to the evidence, appellants attack the finding that the building was completed subsequent to September 24, 1915, and that the lien was filed within ninety days after completion of the house. They insist that the evidence shows that the building was completed on August 20th, hence, when the lien was filed on December 22d, the ninety days within which plaintiff was entitled to file the same had expired. This contention must be sustained.

It appears from the evidence that defendant Nichols was a "speculative house builder," having for years been engaged in constructing houses for sale; that it was his custom in building houses for such purpose to omit therefrom the installation of electric fixtures, leaving the same to be selected by the purchaser; that "he never put the fixtures in a building until it was occupied or sold," for the reason that "they deteriorate, go to pieces, and are stolen." While admitting that he had no independent knowledge as to *when the building was completed,* Nichols testified without contradiction that, other than installing the furnace and putting in the fixtures, nothing was done on the house after the hardwood contractor completed the hardwood floors, which date, as conclusively shown, was on August 20th. On November 8th Nichols sold the property to the defendants Boyle, who se-

lected fixtures, for the cost of which an allowance was made them on the purchase price of the property, and Nichols bought and installed a hot-air furnace for use in connection with the pipes and radiators with which the house was equipped. Upon this showing it clearly appears that the house, except as to installing the furnace and electric fixtures, was fully completed on August 20th. It further appears without controversy that while the building was to be heated with a furnace and lighted by electricity, it was not the purpose and design of the owner to put in these fixtures as a part of the completed structure, but that in this case, as was his custom, he intended to and did omit the same until after a sale of the property, allowing the purchaser to select fixtures, which, at his expense, were installed.

No plans and specifications with which to measure the work of completion were offered in evidence, and since, as appears from the evidence, it was not the intention and design of the owner to install these fixtures as part of the completed house, they should not be deemed necessary to the completion thereof. (*Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 378, [51 Pac. 555].) Had the lien been filed before they were installed, it could not, under the circumstances shown, be said the filing thereof was premature.

Moreover, even should it be held that the installation of the furnace and fixtures was necessary to constitute a completion of the building, such fact could not aid respondent, for the reason that there was a cessation of work upon the house on August 20th which continued until after November 8th. Section 1187 of the Code of Civil Procedure provides that a cessation from labor for thirty days upon any building shall be deemed equivalent to a completion for the purpose of filing liens. Hence, by reason of such cessation and continuance thereof for thirty days, plaintiff's ninety days within which to file its lien commenced to run on September 19th and expired prior to the filing thereof on December 22d. In *Sunset Lumber Co.* v. *Batchelder,* 167 Cal. 512, [Ann. Cas. 1916B, 664, 140 Pac. 35], it is held that materialmen do not have an unlimited time in which to file their liens, but must file them at all events within one hundred and twenty days after actual cessation from labor.

There is no merit in respondent's contention that the evidence of Nichols to the effect that no work was done on the building after the completion of the hardwood floors was

stricken out as hearsay. This evidence was not subject to the objection that it was hearsay, nor was the motion directed to the same, but to testimony of the witness that the house was completed about August 1st, as to the truth of which fact he had no independent knowledge.

The case is here by virtue of an order made upon respondent's petition for transfer after decision by the court of appeal reversing the judgment. It appears that in the last-named court counsel for respondent in his oral argument, notwithstanding there was evidence adduced as disclosed by the record tending to show that defendants were estopped from claiming that the building was completed prior to September 24th, expressly waived any right of recovery based upon such facts. This concession was made upon the theory that since plaintiff had not affirmatively pleaded the facts constituting the estoppel, it could not avail itself thereof. Since the court made no finding of any facts constituting estoppel, we must assume that the case was tried upon the same theory in the lower court. In this court, however, respondent, seeking to avail itself of these facts in support of the judgment, now for the first time directs our attention to the evidence tending to prove that Nichols, while owner of the property and as late as October, repeatedly represented to plaintiff that the house was not completed and that he was still engaged in work thereon, and upon the authority of *Hubbard* v. *Lee*, 6 Cal. App. 602, [92 Pac. 744], and *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 421, [49 Pac. 559], it contends that, conceding the building was in fact completed on August 20th, defendants by reason of such representations are estopped from urging such fact in defense of the action. No finding of facts, however, which such evidence tended to prove was made by the court, without which, since as we have held the finding as to date of completion was without support of evidence, there are no findings to support the judgment.

As presented in the court of appeal the decision was correct, and the new theory adopted by counsel for respondent in presenting his case in this court is, in the absence of findings of fact, inapplicable to the case.

The judgment is reversed.

Richards, J., *pro tem.*, Melvin, J., Shaw, J., Sloss, J., and Angellotti, C, J., concurred.