[Civ. No. 1582.   Third Appellate District.—October 26, 1918.]

EMIGH–WINCHELL HARDWARE COMPANY (a Corporation), Appellant, v. AMOS PYLMAN et al., Defendants; AMOS PYLMAN, Respondent.

MECHANICS' LIENS—TIME FOR FILING.—A claim of lien under the mechanic's lien law must be filed in any event within ninety days of the completion of the building.

ID.—COMPLETION OF BUILDING.—Under section 1187 of the Code of Civil Procedure as amended in 1911, any one of the three following circumstances constitutes constructive completion of a building, viz.: Occupation of the building, acceptance of the building by the owner, or cessation from labor for thirty days.

ID.—FAILURE TO FILE NOTICE OF COMPLETION.—The ninety days' time limit is not waived by the failure of the owner to file notice of completion.

ID.—LIEN FOR MATERIALS.—To entitle a materialman to a lien, the materials must be furnished to be used, and must be actually used, in the construction of the building against which a lien is sought to be enforced.

APPEAL from a judgment of the Superior Court of Yolo County.   W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, for Appellant.

White, Miller, Needham & Harber, for Respondent.

BURNETT, J.—Appellant makes the mistake of assuming that this is a case for the application of the section of the code relating to the condition wherein there has been not an actual completion of the building, but a mere cessation from labor. If that were true, the building would not be deemed completed until thirty days after such cessation.

But, as pointed out in our former opinion, the evidence and the finding were to the effect that the building was actually completed on May 2, 1914. If respondent, Pylman, had relied upon the circumstance of the cessation of labor, regardless of actual completion, as the starting point for the statutory period within which a claim for lien must be filed, then there might be some merit in appellant's contention that its lien was filed in time. We have, however, no such case, and there is no occasion to invoke such provision of the code. The language of the statute seems entirely too plain to permit of serious disagreement. Unless we are to disregard its unequivocal mandate, that the lien must be filed in any event within ninety days of the completion of the building, we must hold that appellant was too late. To the authorities cited in our former opinion we may add these two late decisions by our supreme court, in which the ninety day period of limitation is emphasized: *Bird* v. *American Surety Co.*, 175 Cal. 625, 631, [166 Pac. 1009]; *Hogan Lumber Co.* v. *Boyle* (*Nichols*), 177 Cal. 477, [170 Pac. 1106]. As to the latter decision it may be said that *Sunset Lumber Co.* v. *Batchelder*, 167 Cal. 572, [Ann. Cas. 1916B, 664, 140 Pac. 35], cited therein, involved work done under the old statute when both occupancy *and* cessation from labor were required to constitute constructive completion in the sense of the statute.

We adhere to the views expressed in our former opinion as follows:

"The action was against the owner and the contractor of a building for materials furnished for the use of said building, and for foreclosure of a mechanic's lien. Plaintiff recovered judgment against the contractor for the amount of the claim, but judgment for costs was entered in favor of defendant Pylman, from which the appeal has been taken.

The court found that the work on the building was begun in the month of October, 1913, 'and was completed on May 2, 1914 . . . . and was then and there occupied by said owner as completed, and at the same time the said defendant Pylman and his family moved into and occupied said building and began then and there openly and publicly to use and occupy the same as their place of residence, and they ever since have continued to so use and occupy said premises and to reside thereon.'

"It was also found that the owner had fully paid the contractor, and that the material was furnished by plaintiff at the instance and request of said contractor, but 'that no materials furnished by the plaintiff were used in said building after the second day of May, 1914,' although on the tenth of July following, plaintiff sent to said building four special hinges of small value which had been previously ordered by the contractor, and they were afterward paid for by the owner. It was also found that plaintiff filed its claim of lien for record on August 8, 1914. Indeed, it was so alleged in the complaint and not denied. The court concluded 'that the time to file liens for labor or materials furnished in the construction of said building began to run on the second day of May, 1914, and the time to file liens thereon expired on the thirty-first day of July, 1914, and prior to the filing of plaintiff's alleged lien.'

"As to the finding in reference to the completion of the building, there can be no possible doubt of the sufficiency of the evidence in its support. It was stipulated at the trial that the Pylmans were living in the house on April 28, 1914, and from that time continuously. Nellie Pylman testified that on the twenty-eighth day of April the contractor had everything done with the exception of putting on a few hooks on the screen doors and a very few little necessary things, and that this was attended to within a few days and that the building was then accepted by them. It appears, also, that on April 13th, the owner and contractor had a settlement and at that time agreed to eliminate certain work from the contract, and deductions were made for the things omitted. This was in accordance with the provisions of the contract between the parties, and the evidence shows that the contract, as thus modified was completely executed.

"We have, therefore, not only constructive but actual completion of the building not later than May 2, 1914.  As to the circumstances of occupation and acceptance of the building, section 1187 of the Code of Civil Procedure provides that: 'In all cases any of the following shall be deemed equivalent to a completion for all purposes of this chapter.'  1. 'The occupation or use of a building, improvement or structure by the owner,' or 2. 'The acceptance by said owner of said building, improvement or structure.'  Hence, it is entirely clear that we cannot question the finding of the court that said building for all the purposes of filing a mechanic's lien was completed on May 2, 1914.

"In reference to certain facts which the law declares to be sufficient to support the conclusion that the building for the purpose of a lien has been completed, it may be stated that the statute has undergone certain changes, which are pointed out in various decisions of the courts.  From 1887 to 1897 said section of the statute limited the operation of the *occupation* or *use* and *acceptance* to those cases wherein there was a duly recorded contract, the legislature having provided 'and in case of contracts, the occupation,' etc.  In the latter year the section was amended so as to make *occupation* and *acceptance* apply to all cases, but a further amendment was added to the effect that either must be coupled with cessation from labor for thirty days in order to constitute constructive completion.  These changes are fully discussed in *Robison* v. *Mitchel,* 159 Cal. 586, [114 Pac. 984], and we need not dwell upon them further.  Then comes the amendment of 1911, which applies to cases wherein the contract *has not* as well as those wherein it *has been* recorded; and as clear as language can make it, the section now provides that any of the three circumstances shall constitute constructive completion, namely: 1. Occupation of the building; 2. Acceptance of the building by the owner; and 3. Cessation from labor for thirty days.

"By a sort of metaphysical refinement, appellant seeks to make it appear that cessation from labor for the period of thirty days must still be added to the other circumstances above mentioned to constitute completion, but the section is too plain to admit of discussion.  Indeed, it is pointed out in *Hughes Mfg. etc. Co.* v. *Hathaway,* 174 Cal. 48, [161 Pac. 1159], that the phrase 'completion of the building,' as used

in the last clause of said section, 'must be understood to mean either the actual completion or the completion by cessation of labor for thirty days upon the building, etc., or completion by occupation or acceptance, as the case may be.'

"The case is virtually as strong upon the theory of actual completion, as constructive by occupation or acceptance, since it was competent for the parties to provide for changes in the plans, and to so alter the contract, and thus have a completely executed agreement. (*White* v. *Soto,* 82 Cal. 654, [23 Pac. 210].; *Gilliam* v. *Brown,* 116 Cal. 454, [48 Pac. 486] ; *Anderson* v. *Johnston,* 120 Cal. 657, [53 Pac. 264].)

"Nor is there any doubt as to the conclusion that plaintiff's claim of lien was filed too late.

"It is to be observed that the materialman has thirty days after he ceases to furnish materials within which to file said claim, and upon the pretense of having furnished said hinges on July 10th, plaintiff claims to have brought itself within this provision. But the concluding portion of said section requires 'that all claims of lien must be filed within ninety days after the completion of any building, improvement or structure,' etc.

"Appellant contends that this time limit was waived for the reason that no notice of completion was filed by the owner. As to this, appellant is in error.

"Said section 1187 does indeed provide: 'In case such notice be not so filed then the said owner and all persons deraigning title from or claiming any interest through him shall be estopped in any proceedings for the foreclosure of any lien provided for in this chapter from maintaining any defense therein based on the ground that said lien was not filed within the time provided in this chapter.' This refers to the completion of the contract under which the material was furnished or to the labor done, and if notice of such completion is not filed by the owner he waives the thirty day limitation. (*Hughes Mfg. etc.* v. *Hathaway, supra.*)

"But the ninety day limitation applies to all cases. The concluding clause of the section makes this plain: '*Provided* that *all claims of lien* must be filed within ninety days,' etc.

"Such is, also, the view taken by the courts. In the Robison case, *supra,* referring to the foregoing clause, the court' said: 'This would seem to fix a time limit within which all

claims must be filed, regardless of whether the owner has filed his notice of completion or not.'

"In the Hughes case, *supra,* it is declared: 'If no notice of completion is filed, the claimant is required to see that his claim is filed before the expiration of the period of ninety days after the completion of the building, that is, of the building as a whole, as provided in the last clause of the section.'

"*National Lumber Co.* v. *Kennedy,* 28 Cal. App. 780, [154 Pac. 25], contains this declaration: 'The legislature deemed such period ample time for otherwise obtaining information as to the time of completion. The provisions that "all claims of lien must be filed within ninety days after the completion of any building" would serve no purpose other than to terminate the time within which the claim of lien must be filed. Such is the plain import of the language used.'

"The foregoing ought to set the matter at rest, and no further comment is called for.

"As to the last item furnished by appellant, it should be said further that the hinges were never used in the building, and, therefore, they did not and could not furnish the basis for a lien, and, if no lien could be claimed for them, it logically follows that the time when they were delivered could not be taken into account in the determination of the question whether the notice of lien was filed within the statutory period.

"'It is well settled by many decisions in this state that to entitle a materialman to a lien the materials must be furnished to be used and must actually be used in the construction of the building against which a lien is sought to be enforced." (*Stimson* v. *Los Angeles Traction Co.,* 141 Cal. 32, [74 Pac. 357].)

"That the last item when not used in the construction of the building must be disregarded in computing the time is expressly held in *P. T. Walton Lumber Co.* v. *Cox,* 29 Okl. 237, [116 Pac. 798]. Therein, certain doors were ordered and delivered but not used, and the supreme court of Oklahoma said that they constituted no proper item of charge on the lien statement, and that the date of the last item which was used was the one to be considered in the inquiry whether the material was furnished within the sixty-day period required by the statute.

"Again, it appears that the order for the hinges was a separate, distinct and independent contract or order from the other orders given, and, therefore, it could not affect in any way the right to file a lien for the other materials. The point is considered in the case of *Barrows* v. *Knight,* 55 Cal. 155. Other authorities of similar import are Phillips on Mechanics' Liens, 3d ed., sec. 324 et seq., *Lane & Bodley Co.* v. *Jones,* 79 Ala. 156; *Maryland Brick Co.* v. *Dunkerly,* 85 Md. 199, [36 Atl. 761]; *Brunt* v. *Farinholt,* 121 Md. 126, [88 Atl. 42]; *Cross* v. *Eyerley,* 86 Neb. 516, [125 N. W. 1085].

"It seems equally plain that the hinges must be entirely eliminated from consideration, for the reason that payment in full was made for them and accepted. But to avoid confusion, we deem it proper to add that if the hinges had been used in the building in pursuance of a contract therefor, such circumstance would not save the lien upon the theory that the claim was filed within thirty days thereafter. Indeed, the thirty day requirement was waived, as we have heretofore seen. But if the hinges had been so used, such use might have been regarded as extending the time of the completion of the building so as to avoid the bar of the ninety day period. In other words, under the circumstances suggested, the court would not permit the owner to say that the building had been completed prior to the use of said material, and, therefore, that the notice of lien was filed too late.

"In the final brief, for the first time, appellant claims that the judgment must be reversed 'for the failure of the court to find that the lien was not filed within ninety days after the plaintiff had ceased to furnish materials.' In view of the fact that it does appear from the findings that said notice of lien was not filed within ninety days after the completion of the building, the said consideration would be immaterial.

"However, appellant is in error in the statement. The court specifically finds when the materials were furnished, including the date of the last item, as appears in paragraphs 5 and 6 of the findings, and, also, when the notice of lien was filed. Thus is the point covered.

"It seems hardly necessary to notice the cases cited by appellant, as they are so easily distinguished from the one before us, but we may refer to them briefly.

"In *Yost* v. *Roux,* 27 Cal. App. 307, [149 Pac. 781], the materials for which the lien was claimed were actually used

in the building, and the notice of lien was filed within ninety days of the completion of the building, as found by the court. In fact, it was properly held by this court, that, as to the materialman, the building was not completed until his materials were used, the main contention there being as to whether the lien should be filed within thirty days of the completion of the building or of the time when the claimant 'ceased to furnish materials.'

"*Schwartz* v. *Knight,* 74 Cal. 432, [16 Pac. 235], has no similarity to the case at bar. Therein, the filing of the notice of lien was held to be premature because the building had not been completed. Under the provisions of said section 1187, as it existed at that time, it was held that, as the plaintiffs were not original contractors, 'the law required them to file their lien within thirty days after the completion of the building.'

"In *Willamette Steam Mills etc. Co.* v. *College Co.,* 94 Cal. 229, [29 Pac. 629], several interesting questions growing out of the mechanic's lien law are learnedly discussed, but the decision has no particular bearing upon the question involved herein. What was said in reference to said section 1187 of the Code of Civil Procedure must be regarded with the recollection of the fact that it was amended before the action was brought. Therein, it was held, that in the case of a contract not recorded, a laborer or materialman in order to perfect his lien must file it within thirty days after the completion of the building, or after there had been a cessation of labor for thirty days upon the unfinished building.

"In the case of *Boscus* v. *Waldmann,* 31 Cal. App. 245, [160 Pac. 180], decided by this court, it appears that the notice of lien was filed within ninety days after the completion of the building, and the discussion in reference to the notice to be given by the owner was addressed to the thirty day provisions of the statute."

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1918.